MATHIAS M. GEDNEY v. ANNA GEDNEY.

158 So. 288.

Division B.

Opinion Filed December 19, 1934.

Petition for Rehearing Denied January 15, 1935.

*Spear, Viney & Skelton, B. M. Skelton* and *Charles J. Schub,* for Appellant;

*Phillips & Thompson,* for Appellee.

PER CURIAM.—The appeal is from an order modifying the final decree. The final decree was in a divorce suit. That decree dissolved the bonds of matrimony. It awarded the wife the sum of $10,000.00 "which shall be in full and complete settlement of all claims of every nature and kind whatsoever which complainant might now or hereafter have against the defendant, including alimony, suit money, costs, solicitors' fees, dower, right of dower and any and all claims whatsoever which complainant might have or which might accrue to her by reason of the relationship heretofore existing." It adjudged and decreed that the care and custody

and control of a girl child, Marian Gedney, be awarded to the complainant (the complainant having been the wife) and the defendant was ordered and directed to pay for the complete care, support and maintenance of the child the sum of $15.00 per week, such payments to be made to the complainant or to such other person as might thereafter have the custody of the said child, or to the office of Phillips & Thompson, solicitors for complainant. It awarded the custody of the boy child, Leigh Gedney, to the defendant, Mathias M. Gedney. It then provided:

"It is further ordered, adjudged and decreed that this Court retains jurisdiction herein for the purpose of making such other and further orders touching the care and custody of said children as might be necessary, but either parent from taking the child hereby awarded to such parent out of the State of Florida."

This decree became absolute in all respects except as to jurisdiction retained by the Court for the purpose of making such other and further orders touching the care and custody of said children as might be necessary.

The final decree was dated May 9th, 1931. The order modifying the final decree was of September 30th, 1933. It awarded the custody of the boy child, Leigh Gedney, to the former complainant, Anna Gedney. It in terms found that the defendant had failed to pay the $15.00 per week for the support of Marian Gedney and that there was due under that award at the time of the modified decree the sum of $865.00 which the court ordered to be paid. It finds that the allowance should be increased. It finds that the complainant incurred certain costs in connection with a petition theretofore filed by the defendant in the cause in the sum of $110.01 to one Lucile H. Heald, a court reporter. It finds that at a hearing on a petition theretofore filed by the defendant certain costs were incurred, to-wit:

$61.00 due to one B. F. Satterfield as a court reporter who took the testimony on that petition and that the same should be transcribed at the defendant's costs. It then finds that there is due Satterfield the sum of $66.00 for taking and transcribing the testimony on the instant petition. These items of costs and allowances were within the jurisdiction of the court to determine and allow. They are each hereby affirmed.

The court then in the same decree required the defendant to pay the complainant the sum of $850.00 in lieu of certain furniture which the decree states the defendant agreed to deliver to the complainant. The court was without jurisdiction to order the payment of this amount as it was not within the purview of the matters for which the court retained jurisdiction.

The court also in the modified decree required the defendant to pay the attorneys, Phillips & Thompson, $250.00 attorneys' fees which was beyond the jurisdiction of the court to order and require.

The court further finds in that decree as follows:

"The court further finds that the defendant has by his conduct ever since the entry of the decree shown a disposition to ignore and disobey the orders of this Court and to annoy and harass the plaintiff and to deprive her of the allowance which was made for the support of the said girl child in said final decree; that the plaintiff is a fit and proper person to have the custody and control of said children and is without means with which to support them in a manner fitting to their station in life."

Upon this finding the court proceeded to award the custody of Leigh Gedney from Mathias M. Gedney to Anna Gedney and required Mathias M. Gedney to pay $30.00 per week for the support of both children and required the said sum to be paid weekly to the plaintiff, Anna Gedney,

or to Phillips & Thompson, her attorneys, until the further order of the Court.

Now it appears from the order of the Court and from the findings as stated that the custody of Leigh Gedney was decreed from Mathias M. Gedney to Anna Gedney as a sort of penalty upon Mathias M. Gedney for having harassed and annoyed the complainant, Anna Gedney, about the custody of the girl child and for not having complied with the orders of the court with reference to the payment of money for the support and maintenance of the girl child, Marian Gedney. There is no finding that Mathias M. Gedney is not a proper person to have custody and control of his son, Leigh Gedney. Neither is there anything in the record to show that the son, Leigh Gedney, is subjected to any untoward influences, that he is not properly cared for, that he is not being properly reared or that his best interest would be in any way served by the proposed change of custody. We, therefore, think that the order of the learned Chancellor changing the custody of Leigh Gedney from his father to his mother was not warranted as a matter of law.

The modified decree should be affirmed insofar as it requires Mathias M. Gedney to pay the arrears due under the original decree for the support and maintenance of Marian Gedney in the sum of $865.00 and insofar as it requires the defendant to pay the sum of $110.00 which had accrued as costs on a former petition filed and insofar as it required the payment of $61.00 which had accrued as costs about taking testimony at a hearing on a former petition filed and insofar as it requires the payment of $46.00 of costs for the taking of testimony at hearing on the petition now under consideration. It should be reversed insofar as it requires the payment of an additional $250.00 attorneys' fees and insofar as it requires the payment to the plaintiff by the de-

fendant of $850.00 in lieu of certain furniture and insofar as it awarded the custody of the boy child, Leigh Gedney, from his father, Mathias M. Gedney, to his mother, Anna Gedney, and insofar as it increased the allowance for support and maintenance from $15.00 to $30.00 as it appears that that increase was made upon the theory that the increase of $15.00 additional would be required for the additional care and maintenance of the boy, Leigh Gedney.

It was contended before the Bar of this Court that the circuit court was without jurisdiction to modify the decree because all the parties were beyond the jurisdiction of the court at the time the petition herein was filed and that the boy, Leigh Gedney, had remained at all times beyond the jurisdiction of the court.

When the petition was filed the former complainant, Anna Gedney, submitted herself to the jurisdiction of the court. The former defendant, Mathias M. Gedney, then came in and answered the petition and submitted himself to the jurisdiction of the court. So the court was not without jurisdiction then to modify the final decree insofar as such modification should apply to the custody, maintenance and support of the two minor children, for which purpose jurisdiction has been retained in the final decree.

Whether the court can successfully enforce a decree changing the custody of the boy child who is beyond the jurisdiction of the court is a question which it is not necessary for us to determine.

The decree modifying the final decree should be reversed in part and affirmed in part as hereinbefore stated and the cause is now remanded with directions to the Chancellor to enter a decree so framed as to conform to the views herein expressed.

The costs of this appeal should be taxed against the parties in equal proportions.

692

·It is so ordered.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.

Brown, J., dissents in part.

Brown, J.—I think that the decree of the court below should be affirmed *in toto* and the costs taxed against the appellee. It appears that certain testimony had been taken on a hearing upon a prior petition which is not embraced in this record. Aside from this, the Chancellor had the parties before him in person, and was in a better position to judge of the delicate question of the custody of those children than this Court is.