**DONALD M. PHILLIPS v. BEATRICE M. PHILLIPS**

13 So. (2nd) 922                                    June Term, 1943
June 8, 1943                                              Division B

*Murray W. Overstreet,* for appellant.

*H. N. Roth,* for appellee.

BUFORD, C. J.:

On appeal we review order of the chancellor entered February 19, 1943, awarding custody of a minor boy child to the mother, with directions that the child should be allowed to visit his father for the first week in each and every month after February 28, 1943, and requiring the father to pay to the mother $25.00 per month for the support of the child, said payment to be made on the first day of each month beginning with the month of March, 1943. This order and decree was a modification of part of the final decree entered on October 12, 1942, wherein the court adjudged as follows:

"It Is Further Ordered; That the care, custody and control of the minor child of said union, to-wit: Gary Newton Phillips, be and the same is hereby awarded to the Defendant, subject, however, to the right of the Plaintiff to visit said child, and said child to visit the Plaintiff at any and all reasonable times."

The decree of October 12, 1942, was final decree in a divorce proceeding wherein plaintiff, Beatrice M. Phillips, procured a divorce from the defendant Donald L. Phillips. At the time of the filing of the bill for divorce, September 7, 1942, it was alleged that the minor child was then seventeen months of age. It was living with its father in the home of the father's parents. There is no showing in the record that either parent is not a fit and proper person to have custody and control of the child or that either parent is not in position to furnish the child a comfortable home and proper surroundings. The mother remarried a few days after the final decree of divorce, supra, and this constitutes the only material change in the condition of the parties since the final decree of October 12, 1942, was entered.

It appears that in the entry of the final decree the chancellor awarded the custody of the child to the father in deference to the well established rule that, all other things being equal the welfare of the child is the court's prime object and

main concern. See Mahaffey v. Mahaffey, 143 Fla. 157, 196 So. 416; Fields v. Fields, 143 Fla. 886, 197 So. 530.

So it is that the terms of the final decree not only appear to have been just and right but the record also shows that it met with the approval and approbation of, and was agreed to by, both parties to the suit at that time.

The order of modification in effect divides custody of the child by allowing the father to have it in his parents home for the first week in each month and the mother to have it the balance of the time. We cannot close our eyes to a condition which our common knowledge of man and affairs has taught all people generally affects the interests of a child. There can be no doubt that experience shows that it is detrimental to the best interests of a young child to have its custody and control shifted often from one household to another and to be changed often from the discipline and teachings which are attempted to be imparted by one custodian to that other discipline and teachings sought to be imparted by another custodian. The result is, in most cases, to confuse the child, cause it to doubt where constituted authority lies and to largely disregard the precepts which either custodian attempts to exercise.

We have reflected here one of the most unfortunate of all unfortunate conditions which follow the disruption of the marriage estate where there is a young child, or are young children, of the union. Too often the innocent child becomes the bone of contention between otherwise well meaning parents and must go through life burdened with heart scars which cannot be seen and with spiritual wounds which only the recipient feels and suffers.

It has been written on the pages of all time that no man can serve two masters and it is certainly true that no child can pursue a normal life when subjected to the precepts, example and control of first one person and then another, regardless of how well intentioned those persons may be.

Aside from all this however, it appears to us that the law which the chancellor should have applied in this case when considering the petition for modification of the final decree is

clearly stated in the case of Gedney v. Gedney, 117 Fla. 686, 158 So. 288, wherein we said:

"There is no finding that Mathias M. Gedney is not a proper person to have custody and control of his son, Leigh Gedney. Neither is there anything in the record to show that the son, Leigh Gedney, is subjected to any untoward influences, that he is not properly cared for, that he is not being properly reared or that his best interest would be in any way served by the proposed change of custody. We, therefore, think that the order of the learned chancellor changing the custody of Leigh Gedney from his father to his mother was not warranted as a matter of law."

And in the case of Frazier v. Frazier, 109 Fla. 164, 147 So. 464, wherein we said:

"It is undobutedly the law of this state that the proper custody of a minor child of divorced parents is a proper subject for judicial consideration at any time by the court which granted the decree of divorce. Meadows v. Meadows, 78 Fla. 576, 83 So. Rep. 392. But it is likewise the law that a decree in a divorce suit, fixing the custody of a child of the parents being divorced, whether based on a stipulation entered into by the parties and approved by the court, or whether entered by the court after adversary hearing and determination, of a contested issue respecting the matter is, nevertheless, a final decree of the Court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen, since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the Court *and then only for the welfare of the child.* Cariens v. Cariens, 50 W. Va. 113, 40 S. E. Rep. 335; 55 L.R.A. 930; Dawson v. Dawson, 57 W. Va. 520, 50 S. E. Rep. 613; 110 A.S.R. 800; Milner v. Gatlin, 143 Ga. 815, 85 S. E. Rep. 1045, L.R.A. 1916 B 977; 19 C.J. 350." (emphasis supplied)

We are reluctant to reverse the order of the Chancellor in cases of this sort but we think that the facts in the case and the law established by our decisions, supra, require us to pursue that course. The order appealed from is reversed,

with directions that an order and decree be entered not inconsistent with the views herein expressed.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.