## ELISE COURSEY JONES v. REED JONES

23 So. (2nd) 623     June Term, 1945

November 2, 1945     Division B

*W. Wallace Shafer* and *Mark O'Quin,* for petitioner.
*George W. Safford,* for respondent.

SEBRING, J.:

Elise Coursey Jones obtained a decree of divorce from her husband, Reed Jones, on June 29, 1943. By the terms of the decree the wife was awarded the permanent care, custody and control of the minor children of the parties with the privilege accorded the husband of visiting the children at all reasonable times, and with the duty imposed upon him of paying the sum of $10.00 weekly for their support until the further order of the court. On September 10, 1945, on petition, answer and testimony, the chancellor modified the final decree so far as it related to the children, by an order decreeing a divided custody of the children between the parents. We are asked to review this order of the chancellor.

The evidence upon which the modification order was based is brief. In substance it is as follows: Neither of the parties to the divorce suit has remarried since the entry of the original decree. The children involved are a boy and girl, ages six and four respectively. Elise Coursey Jones, the former wife, has been making her home with her sister and brother-in-law at Lakeland, Florida. Reed Jones, the former husband, has been living in Daytona Beach, Florida, in a one-room apartment. Mrs. Jones has been working in a restaurant in Lakeland owned by her sister. Her working hours are from ten o'clock in the morning to eight o'clock in the evening, six days a week. Her average weekly earnings are $25.00. Reed Jones is employed by a bus company at Daytona Beach as a ticket agent. His working hours are from

midnight until eight o'clock in the morning, seven days a week. His monthly salary is $120.00 For the period of about two years that has intervened between the entry of the final decree and the proceedings brought here for review, Reed Jones has made no attempt to see or visit with the children. The evidence is in conflict as to whether or not he has kept up the weekly payments required by the decree to be made for the maintenance and support of his children.

In June 1945 Mrs. Jones placed her children in a boarding school at Tampa, Florida. She did this for the reason that she felt that at the school they would receive the type of attention and training that she could not give them in full measure while working. At the time of their enrollment at the school there was an express understanding between Mrs. Jones and the school authorities that both parents should have the privilege of visiting the children at such reasonable times as would not interfere with their training. At the school the children are given kindly and sympathetic supervision and training. They are fed well, and have regular nap and rest periods. The eldest child is given schooling. From her own earnings and from such support money as is sent her by the father, Mrs. Jones pays the school a fee of $50.00 monthly and furnishes the children their clothing and outside incidentals. Mrs. Jones visits the children every week-end and on holidays. Occasionally she takes them home with her for week-ends. Mr. Jones objects to the children being in a boarding school, where it is impossible for them to receive daily parental care and affection. He asks the court to take them from the custody of the mother and place them with him at Daytona Beach, where he proposes to establish them in his one-room apartment and hire someone to stay with them while he is at work. Mrs. Jones objects to such an arrangement, and is willing to take the children out of the school and keep them with her at Lakeland, should the court think such move desirous.

The modification order brought here for review finds that both parents are persons of excellent character and habits; that if the mother were not obliged to work she would be a fit and proper person to have the custody of the children; that

the father is an equally fit person and has an unusual consideration for the happiness of the children. The decree of the court is that the children shall be kept and raised together with the responsibility for their rearing to rest equally upon both parents; that the father shall have custody of the children for the school term beginning in the fall of 1945 but shall deliver them to the mother at Lakeland for one week-end out of each month of the school year; that the mother shall have the children for the period of the school year beginning in the fall of 1946 but shall permit the father to have them at Daytona Beach for one week-end out of each month; that the children shall spend one half the time with the father, the other half with the mother, during the intervening vacation months.

We are always reluctant to reverse an order made in a proceeding of this nature, particularly when the evidence has been taken before the chancellor. But we are of opinion that the established law of this jurisdiction as applied to the facts of this case leaves us no alternative. It is well settled that in a proceeding involving custody of minor children the welfare of the children is the controlling consideration. Frazier v. Frazier, 109 Fla. 164, 147 So. 464; Green v. Green, 137 Fla. 359, 188 So. 355; Mehaffey v. Mehaffey, 143 Fla. 157, 196 So. 416. Ordinarily, in the case of children of tender years such welfare is not best promoted by ordering a divided custody of such children between the parents. Phillips v. Phillips, (Fla.) 13 So. (2nd) 922, or by taking them from the mother, unless it be shown that she is not a fit and proper person to have them. Fields v. Fields, 143 Fla. 886, 197 So. 530.

The final decree entered on June 29, 1943 awarded the permanent care, custody and control of the children to the mother. That decree operated as a final determination of all material facts then existing and which were known to the court bearing upon that issue. The decree having become final, it could not be materially changed or altered thereafter except upon a showing that such new conditions had arisen since the entry of the decree as would justify a change in custody of the children, or that old facts had come to light which, had they been known to the chancellor at the time of

the entry of the final decree would have impelled him, in the exercise of a reasonable discretion, to have entered a decree different from that which was entered. Frazier v. Frazier, 109 Fla. 164, 147 So. 464; Gedney v. Gedney, 117 Fla. 686, 158 So. 288; Phillips v. Phillips, (Fla.), 13 So. (2nd) 922.

The respondent in this case makes no contention that the mother is not a fit and proper person to have the care, custody and control of the children. The only "new condition" of which he can complain is that in his opinion his former wife has virtually abandoned the children by placing them in a boarding school where, at best, they can be seen by her only occasionally, when, as he contends, they should be maintained in such environment that daily parental love, care and attention will not be lost to them. We readily recognize the full force of the father's contention, but we do not think that the situation presented by the record affords sufficient justification for the entry of the modification order which divided the custody of the children between the parents. Neither do we think that it would present a sufficient justification for the entry of an order awarding exclusive custody of the children to the father, if that were the issue. Because of circumstances over which the mother apparently has no control she is obliged to work to support herself and children. Necessarily this takes her away from the children for a certain part of each day. To meet this unfortunate situation the mother, in the exercise of what she undoubtedly thinks was good judgment, has placed the children in a boarding school at Tampa, feeling that by so doing she is furthering their best interests. She offers to take the children back to Lakeland with her if the court thinks such move desirable.

In view of all the facts of the case it is our conclusion that the writ of certiorari should be granted and that the order brought here for review should be quashed, with directions to the chancellor to determine whether it will be for the best interests of the children to be kept at the boarding school at Tampa or to be brought home by their mother, and to enter an order accordingly. Such order as will be entered in accordance with the law of this jurisdiction and the views herein expressed should require the father to make reason-.

able provisions for the support and maintenance of his children and should accord him reasonable privileges of visitation.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.