**WALTER L. BELFORD v. JANICE HORNE BELFORD**

32 So. (2nd) 312

October 31, 1947

June Term, 1947

Division B

*Coe & Eggart,* for appellant.

*Grover Robinson,* Jr., for appellee.

BUFORD, J.:

This appeal brings for review a decree of the chancellor in which it was adjudged that the terms of a final decree entered on the 10th day of September, 1945, which was as follows:

"This cause coming on to be heard upon the application of defendant and plaintiff for the exercise by the court of its reserved jurisdiction finally to determine the custody of the child, Linda Lee Belford, and the court having heard and considered the testimony of both parties and their witnesses, finds that the best interests of said child and a proper consideration of the rights of the parties required that it should remain in the custody of the defendant, Walter L. Belford, save for an appropriate right of visit of the plaintiff as hereinafter provided for, it is therefore

"ORDERED, ADJUDGED AND DECREED that the care, custody and control of the infant child, Linda Lee Belford, be and the same is hereby permanently awarded to the defendant, Walter L. Belford, provided, however, that the said Janice Horne Belford, now Janice Horne Wright, shall be entitled to have the child visit her for a period of thirty days during the summer school vacation of each and every year, commencing with the year 1946, wherever she may be within the limits of the Continental United States, the expense of

transporting said child to and from the home of the said Janice Horne Wright to be borne by the defendant, and the time of transportation one way not to be included in said period of thirty days, but the time of transportation one way to be included therein, and the time within the summer vacation when such visit shall be had to be determined by mutual agreement of the parties, failing which the court retains jurisdiction so to determine the same.

"DONE AND ORDERED in chambers at Pensacola, Escambia County, Florida, this 10th day of September, A. D. 1945."—should be, on petition of plaintiff filed July 8th 1947, modified, changed and altered so as to naturally change the custodial decree.

The decree appealed from is as follows:

"This cause coming on to be heard upon petition of the plaintiff for the modification of the order of the division of the custody of Linda Lee Belford, eight years of age, under the provisions of the order entered in the above styled cause on the 10th day of September, 1945, and the Court having heard the testimony of both parties, their witnesses and the child, and it appearing to the court

"That the circumstances of the plaintiff, Janice Horne Belford, now known as Janice Horne Wright, were unsettled in September, 1945, in that her present husband, Charles Wright, III, was a member of the FBI and subject to transfer and in that the Wrights had just had a baby born,

"That the circumstances of the defendant, Walter L. Belford, were such that he had not remarried in September, 1945, that the child Linda Lee Belford was his sole companion and that his mother, Mrs. Annie Belford, could care for the child.

"That the circumstances of the plaintiff, Janice Horne Wright, have now changed in that her husband, Charles Wright III, has settled down to the practice of law in a law firm in which his father, Charles Wright, is the senior partner in Detroit, Michigan; in that the plaintiff and her present husband have purchased a permanent home in Detroit, Michigan; and in that the plaintiff, Janice Horne Wright, can devote her full time to the caring for her child and the keeping of her home,

"That the defendant, Walter L. Belford, has now re-married; that the defendant works at the L & N Railroad Shops from the hours of about 4:00 P. M. until 11:30 P. M. (Central Standard Time); that the defendant's present wife, who is fond and affectionate toward the child works in the ticket office at the L & N Railroad Depot from about 3:30 P. M. until about 9:30 P. M. (Central Standard Time); that the child has made good progress in school and has attended Sunday School regularly; and that the defendant's mother Mrs. Annie Belford, who is over 70 years of age, takes care of the child, Linda Lee Belford, during the time that the defendant and his present wife are working and sleeping,

"After careful consideration, the court finds that no matter how fond a father may be of his children and no matter what affection he tenders to them, he can never fill the place in a child's life which the Almighty intended to have done by a natural mother. Likewise, this is true of a step-mother who may conscientiously endeavor to substitute herself for the natural mother, and as a result the welfare of the child Linda Lee Belford demands that the custody of the child be given to the Plaintiff with the right of the defendant to have a visit from the child as hereinafter provided for, it is therefore;

"ORDERED, ADJUDGED AND DECREED that the care, custody and control of the infant child, Linda Lee Belford, be and the same is hereby permanently awarded to the plaintiff, Janice Horne Wright, provided, however, that the said Walter L. Belford shall be entitled to have the child visit him for the month of July during the summer vacation of each and every year, commencing in 1948 as the child is now in the custody of the mother, Janice Horne Wright, under a prior order of the Court and will remain so; that the expense of transporting the said child to and from the home of the mother Janice Horne Wright, will be borne by the defendant; that the time of transportation one way will not be included in said month of July but the time of transportation one way will be included therein; and that nothing herein contained shall alter the defendant's obligation to pay for the maintenance of the said child in the plaintiff's custody, except that the amount of such maintenance is fixed at $1.00 per day payable monthly.

"DONE AND ORDERED in Chambers at Pensacola, Florida, on this 21st day of July, A. D. 1947.

"Ernest E. Mason
Judge of Circuit Court
Pro Hac Vice"

The same degree of discretion does not rest in Chancellor to change or modify a final decree such as is here under consideration as is reposed in him to enter an original final decree.

When entering a decree modifying a former final custodial decree it must appear that a change in the conditions or circumstances of the parties, or at least one of them, warrants such change. In 27 C.J.S., Title Divorce, Sec. 317, sub-section 5, it is said:

"The presumption favors the reasonableness of the original decree and the party seeking modification has the burden of proof to show facts warranting modification and that the change is for the child's best interest."

In Frazier v. Frazier, 109 Fla. 164, 147 So. 464, we said:

"It is undoubtedly the law of this state that the proper custody of a minor child of divorced parents is a proper subject for judicial consideration at any time by the Court which granted the decree of divorce. Meadows v. Meadows, 78 Fla. 567, 83 So. Rep. 392. But it is likewise the law that a decree in a divorce suit fixing the custody of a child of the parents being divorced, whether based on a stipulation entered into by the parties and approved by the court, or whether entered by the court after adversary hearing and determination of a contested issue respecting the matter, is, nevertheless a final decree of the court on the conditions then existing, and is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court *and then only for the welfare of the child*. Cariens v. Cariens, 50 W. Va. 113, 40 S.S. Rep. 335; L.R.A. 930; Dawson v. Dawson, 57 W. Va. 520, 50 S.E. Rep. 613; 110 A.S.R. 800; Milner v. Gatlin, 143 Ga. 815, 85 S.E. Rep. 1045, L.R.A. 1916B 977; 19 C. J. 350." (Emphasis supplied).

And, again in that case we said:

"Where a final decree has already once definitely fixed the custody of a minor child as between its divorced parents, the effect of a petition filed to modify the decree is to raise an issue as to whether or not sufficient cause exists at the time of filing the petition and subsequently to require a change in the provisions of the earlier decree respecting the child's custody. The trial of such an issue involves a determination of the proposition, whether or not there is any factual basis sufficient to show that condictions have become materially altered since the entry of the previous decree. But another equally important legal proposition involved is what should be the appropriate scope of any change found to be necessary to be made, in order to provide for the child's welfare and at the same time preserve the legal rights of the child's parents to its reasonable custody and control."

See also Gedney v. Gedney, 117 Fla. 686, 158 So. 288; Phillips v. Phillips 153 Fla. 133, 13 So. (2nd) 922; and Jones v. Jones, 156 Fla. 524, 23 So. (2nd) 623.

It appears that probably the Chancellor considered this matter in the same light as it would have been considered by him had no former decree been entered and, therefore, applied the rule enunciated in Fields v. Fields, 143 Fla. 886, 197 So. 530, and in Hurst v. Hurst, 158 Fla. 43, 27 So. (2nd) 749 and other cases of that sort. There are valid reasons for the difference in degree of discretion which may be exercised by the Chancellor in these two classes of cases. He is vested with the right of exercise of a broader discretion in entering the original final decree because then it devolves upon him to determine the relative fitness of the parties for the custody of the child and to determine from all the facts what decree will be for the best interest of the child, but when he has entered that decree and it becomes final it is res adjudicata of those facts and circumstances and cannot be modified or changed thereafter, unless it appears that there are some pertinent facts which the court did not know at the time that decree was entered, or unless there is an altered condition shown to have arisen since the decree. See Frazier v. Frazier, supra.

It is important that this rule should be observed, else there could never be any finality of the judicial determination of the custody of children.

It is our view that the record fails to show any facts existing at the time the original final decree was entered which were not then known to and considered by the court and there are no sufficient changes in the circumstances of the parties to warrant the changes and modifications intended to be made by the decree from which this appeal is taken.

About the only difference affecting the parties which has occurred since the entry of the original final decree in September, 1945, is that the mother and her present husband, whom she appears to have married soon after her divorce from the father of this child, now have a permanent home in Detroit, Michigan, where he practices law, whereas in September, 1945, he was an FBI officer and had no permanent address or place of abode; and that the father has since the date of that decree married his present wife who is affectionate to and congenial with the child and they now live in a home which is also occupied by the father's mother who has had the physical care of the child practically all of its life and still, in a devoted manner, looks after the welfare of the child when the father and step-mother are out at work, as well as when they are at home.

We find nothing in this record which indicates that the welfare of the child demands this change in custody.

Therefore, the decree is reversed with directions that petition be dismissed.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.