Certiorari proceeding by Effie Mae Dobbs, formerly Effie Mae Kelly, against James L. Kelly, to review the action of the chancellor in entering a modified final decree in a divorce action between the parties dealing with custody of a minor child and its support.
Petition granted and order complained of quashed with directions.
A petition for writ of certiorari has been filed in this Court. We are asked to review the action of the Chancellor in entering a modified final decree which dealt exclusively with the custody of the minor child of the parties and the support of such child. The petitioner and respondent were husband and wife and are parents of the child, James David Kelly, whose custody and support the modified final decree determined. This boy is approximately four years of age. The boy's mother, petitioner herein, permitted the paternal grandparents to have custody of the child while the father was in the service of his country during World War II and at a time when she was working. Just prior to the final decree of divorce the parents of the child entered into a stipulation that their son *Page 480 
might remain with his paternal grandparents.
Petitioner sought a modification of the final decree insofar as custody of her son was concerned and as a predicate therefor asserted and subsequently established; that she had remarried; that she and her present husband had moved into a new home which they are purchasing and which is located in a section of the City suitable to the upbringing of the child; that her present husband is steadily employed and willing to assume responsibility for the boy's maintenance and support; that if the custody of the child be awarded to her she will cease working and will devote her time and attention to her off-spring; that the grandparents live in a two-story building which is a combination filling station and home and is located upon U.S. Highway 17 which is burdened with extremely heavy traffic; that the father of the said child, another son and two still younger daughters live with the paternal grandparents on the second floor of this building; that there is more room for the child in their home and living conditions would be better for the child if his custody were awarded to the petitioner.
The able attorney who was Special Master in this cause found that "the parties involved are both decent and respectable people, and are fit and proper persons to have the custody, care and control of the child". He recommended that "the care, custody and control of the child remain with the grandparents". It was further his recommendation that, until the child enters school, the petitioner should have the right to have the child visit with her "on alternate every two weeks" and that in the event the respondent should acquire a separate home from that of his parents he should have the right to have the child visit with him "for any part of the other alternate every two weeks". The recommendation included a split visitation between the parents similar to the arrangement hereinabove set forth after the child becomes of school age, with the additional proviso: "that during the vacation period the petitioner shall have the right to have the child visit for the first one-half of each Christmas vacation, to and including December 26th at 6:00 o'clock P.M., and the respondent shall have the similar right for the balance of the Christmas vacation; and * * * that during the summer vacation the petitioner shall have the right to have the child visit her for the first one-half, and the respondent the second one-half, of such vacation".
The veteran Chancellor approved, confirmed and adopted the report of the Special Master and entered a modified decree in accordance therewith.
Although "we are always reluctant to reverse an order made in a proceeding of this nature", Jones v. Jones, 156 Fla. 524, 23 So.2d 623, 625, we are convinced that the Special Master and the Chancellor failed to give appropriate consideration to several of the decisions of this Court. In the case of Jones v. Jones, supra, we held "It is well settled that in a proceeding involving custody of minor children the welfare of the children is the controlling consideration. * * * Ordinarily, in the case of children of tender years such welfare is not best promoted by ordering a divided custody of such children between the parents. * * * or by taking them from the mother, unless it be shown thatshe is not a fit and proper person to have them." (See cases cited in Jones v. Jones, supra.) (Italics supplied.)
As has been observed, the Special Master made an express finding to the effect that all parties involved were fit and proper persons to have the care, custody and control of this little boy. In view of this finding and our pronouncements upon the subject, as well as upon a consideration of the entire record now before us, we are of the opinion that the custody of this child should have been awarded to his mother with reasonable visitation permitted on the part of the father and that such custody should remain undisturbed until and unless different circumstances and conditions should establish that the welfare of the child would be better served by a change of custody.
Our conclusion is predicated primarily upon the fact that the mother was found to be a fit and proper custodian and that the child is of tender years. However, *Page 481 
we must, and do, consider the potential danger which exists for a child who lives in a home located upon a highway which is known to be one of the heaviest traveled arteries leading into the City of Jacksonville and the State of Florida. We were poignantly reminded of such hazard in a case recently before this Court. A small child was killed on U.S. Highway 41 just north of Tampa and, in that case, the testimony disclosed that the child was almost constantly under the supervision of either the mother or the father. Here we have a situation where both grandparents are engaged in operating the filling station and sandwich stand. Ordinarily, the grandfather attends to the business at night and the grandmother during the day. Consequently, this child is left, in the care of one or more of the other children, no one of whom is shown to be a competent custodian of a four year old boy.
We hold that the petition for writ of certiorari should be granted and the order complained of should be quashed, with directions to the Chancellor to award the custody of James David Kelly to his mother Effie Mae Dobbs, provided the said mother ceases working and devotes her time and attention to her minor son; and with the further direction that the father may visit the child at such reasonable times and places as may be determined by the Chancellor.
It is so ordered.
ADAMS, C.J., and TERRELL, CHAPMAN, THOMAS and BARNS, JJ., concur.
SEBRING, J., concurs in part and dissents in part.