The plaintiff has appealed from a decree modifying a prior final decree of divorce which awarded her the care, custody and control of her minor children.
The record reveals that the plaintiff instituted a suit for divorce against her husband in the Circuit Court of Dade County, Florida. It was alleged in the bill and admitted in the answer that both parties to the suit were fit and proper persons to be awarded the custody of the minor children born of the marriage. The prayer of the bill was "that joint custody of the minor children be awarded to plaintiff and defendant or if the court prefers that plaintiff have custody for six months and the defendant have custody for six months." Testimony was taken on the issues presented by the bill and answer. Subsequently the special master made his report to the court, in which he recommended that joint custody of the minor children be awarded to *Page 867 
plaintiff and defendant "with the reservation that the plaintiff shall have the care, custody and control of said children during the school year, until such time as said children become of age." A final decree was entered by one of the chancellors of the Dade County Circuit Court, which confirmed the report of the special master and awarded custody in accordance with the master's recommendation.
Fifty-one days after the entry of the final decree the defendant below presented to the same chancellor a paper entitled "Petition for Correction of Final Decree and for Enforcement Thereof." In the petition the defendant alleged that the special master had made a mistake in recommending that the custody of the minor children be awarded the plaintiff during the school term of each year, in that no testimony had been adduced in the record to support such a recommendation; indeed, that the testimony had been to the contrary. The prayer of the petition was that the court correct its final decree theretofore entered with respect to the custody of the children, and award joint custody of the children to the parties with the reservation that the defendant
be given custody during the school term of each year.
A hearing was held on this petition and an answer traversing the allegations of the petition. At this hearing the special master who heard the testimony of the parties upon which the final decree was based was called as a witness and testified that he had not made a mistake in drawing up his recommendations for a final decree; that in considering the issue of custody he noted that the testimony was that the defendant had made several trips to Cuba, and that he, the master, felt that this and otherconsiderations indicated that the mother should have the custody during the school year. At the conclusion of the hearing the chancellor entered an order entitled "Modification of Final Decree", in which he granted the relief sought by petitioner. The appeal is from that decree.
The petition to modify the final decree was filed by the defendant below pursuant to Section 68 of The Florida Chancery Act which provides that "Clerical mistakes in decrees or decretal orders, or errors arising from any accidental slip or omission may, at any time, be corrected by order of the court or judge upon petition, without the form or expense of a rehearing." Sec. 63.68, Florida Statutes 1941, F.S.A. However, this statute was not applicable, for if any error was committed by the chancellor in awarding custody of the children to the mother for the school term, it is plain that the error did not arise as the result of any "clerical mistake" or "accidental slip or omission", Morgan v. Jones, 52 Fla. 543, 42 So. 242, but was a judicial error involving an abuse of judicial discretion, from which an appeal would lie, and hence could not be reached by a motion filed under section 68 of the Chancery Act.
It is suggested by the defendant below that if his petition for correction and modification of the final decree cannot be maintained under section 68 of the Chancery Act the petition should be treated as a bill for review to procure a modification or alteration of the former decree for an error apparent upon the face of the record.
If it may be assumed that the petition should be so treated, we fail to see wherein it would justify the relief that was granted. The purpose of a bill of review for error apparent is to have the court rendering the decree give the same relief that the appellate court might give under the same circumstances. Prentiss v. Paisley, 25 Fla. 927, 7 So. 56, 7 L.R.A. 640. A bill of review for error apparent on the face of the record cannot be predicated upon mere formal irregularities, nor upon matters resting in discretion. "The decree complained of must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged or settled by decision, and in order to ascertain if there be error in the decree, the general practice is to look back of the decree into the whole record of the pleadings and proceedings, but excluding the evidence." Hall v. Hall, 93 Fla. 709, 112 So. 622, 624.
The bill of complaint in the cause alleged that both parties were fit and suitable persons *Page 868 
to have the custody of the minor children awarded them by the final decree of the court. The answer admitted these allegations. The record shows that one of the children was a boy of the age of 15 years; the other, a girl 5 years of age. The master had the parties before him at the time the testimony was taken. He had the opportunity to observe the parties and to hear the evidence and from this evidence to arrive at some conclusion as to what type of decree would best serve the welfare of the children. Though the mother testified that it was agreeable to her for the father to have the custody of the children during the school terms, as a present arrangement, the master did not see fit to follow her suggestion but instead recommended that she be given the children during their school terms. In making such recommendations he was but following the policy of the law that, all other things being equal, the welfare of children of tender years is generally best served by placing them under the control of the mother.
The chancellor who entered the final decree deemed it advisable to follow the recommendation of the master. The decree that he entered was not "contrary to any statutory enactment", nor did it violate any "principle or rule of law or equity recognized and acknowledged or settled by decision." It is apparent, therefore, that the decree was not subject to attack by a bill of review for errors apparent on the record.
It is finally suggested by the defendant that if his petition cannot be considered as a petition for correction of clerical mistakes or errors, or as a bill for review of the decree for errors apparent on the record, it should be treated as a petition for modification of the decree on the grounds therein stated.
Assuming that the petition may be so treated, we do not think that the record brought here on appeal affords a sufficient basis for the entry of the modification order which took the children from the mother and gave them to the father during the school term of each year. A decree fixing the custody of minor children, whether based on a stipulation between the parties or entered on evidence adduced by the parties at an adversary hearing on the issues of custody, constitutes a final decree of the court on conditions then existing. Such a decree may not be substantially amended or changed thereafter, except upon a showing of materially altered conditions arising subsequent to the entry of the decree or of material facts bearing on the question of custody which were in existence at the time of the decree but were unknown to the court on the date of its entry. And even in such cases a substantial amendment or change in the decree should not be made except for the welfare of the child. Frazier v. Frazier, 109 Fla. 164, 147 So. 464; Belford v. Belford, 159 Fla. 547, 32 So.2d 312; Phillips v. Phillips, 153 Fla. 133, 13 So.2d 922; Jones v. Jones, 156 Fla. 524, 23 So.2d 623.
The record shows that both parents were fit and proper persons to have the custody of the children and the chancellor so found at the time the final decree was rendered. The testimony given by the defendant at the hearing for a modification of the final decree appears in the record as follows: "Q. Do you consider that Mrs. Sayward is a fit person to have the custody of her children? A. She is nervous and excitable — I believe that I should have the custody of the children during their school year.
"Q. Do you travel around very much? A. I made two trips to Cuba in the last five years.
"Q. Is your house at Starlight Landing a nice place to bring up children? A. Yes, it is.
"Q. Do you have a good person to look after your children while you are away at business? A. Yes, I have a very good colored maid whom my exwife selected.
"Q. Is that colored maid always there? A. Sometimes she doesn't come and sends someone else.
"Q. On occasion do you have to work late at night? A. Yes, I do."
This testimony does not show the mother to be an unfit and unsuitable person to have the custody of her minor children during *Page 869 
the school term, nor does it show that the welfare of the children would be best promoted by awarding custody to the father. No such new conditions were shown to have arisen or old facts to have come to light as would justify the modification of the original final decree.
It follows that the decree appealed from should be reversed with directions that the original decree be reinstated, but without prejudice to either party to move for a modification of the decree at any time in the future, in the event of new conditions arising that would justify a modification thereof for the best interests of the children.
It is so ordered.
CHAPMAN, Acting C.J., HOBSON, J., and TAYLOR, Associate Justice, concur. *Page 870