SHANNON, Chief Judge.
On this appeal we review an order of the chancellor below modifying a final decree of divorce relative to the custody of a minor.
The appellant, who was the plaintiff below, and the appellee, defendant below, were formerly married to each other. During March 1959, the defendant left the home of the plaintiff and at the same time left their two year old daughter in the husband’s care. The husband filed suit for divorce and was thereafter, on September 28, 1959, granted a divorce and in the decree was granted the custody of the parties’ two year old daughter. On June 21, 1961, the mother filed a petition to modify the final decree insofar as custody of the child was concerned. On August 28, 1961, the chancellor entered a decree transferring custody of the child to the mother and ordering the father to pay $25.00 per week as child support. The last order is the one appealed.
Both parties have remarried and insofar as the record shows, the minor child would have a good home with either the plaintiff or the defendant. We must, however, review the situation from a more critical standpoint. At the time of the original divorce the wife was working in the office of attorneys and it goes without saying that there is no question here of her not understanding any and all of her rights. It must he remembered that we are not here concerned with an original decree fixing custody and control, but we are concerned with the chancellor’s changing the original decree.
If the chancellor, on the basis of conflicting facts, had awarded the custody of the infant to the mother originally, his broad discretion would have been accorded great weight on appeal, but, having entered a decree in favor of the husband and then upon a petition for modification having changed the custody of the child, it is the duty of this court to review his action and to determine whether or not there was any substantial change in the conditions that existed at the time of the original decree. The mother’s only explanation of any change is that at the time of the divorce she was, quoting from her attorney’s brief, “in a state of remorse, would go into periods of *41 depression, which was in no wise related to her present condition, * * * and that since Appellee’s second marriage on December 19, 1959, that her emotional state was appreciably better, and that Appellee appears in good spirits.” Insofar as her emotional state is concerned, there is no medical evidence in the record to substantiate it, and, in view of the fact that she was married on December 19, 1959, she gives no adequate explanation of why she waited so long to file her petition for modification of the final decree.
A number of cases have been cited by counsel on each side. In the case of Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312, the Supreme Court was presented with practically the same situation with which we are here concerned. In the Bel-ford case the custody of a six year old female was awarded to the father in the original decree. Approximately two years later the mother sought to modify the decree and also sought to show that she had remarried and could at that time devote her full time to the care of the child. The trial court granted her petition to modify, but the Supreme Court reversed, saying:
“When entering a decree modifying a former final custodial decree it must appear that a change in the conditions or circumstances of the parties, or at least one of them, warrants such change. In 27 C.J.S. Divorce, § 317 (5), it is said:
“ ‘The presumption favors the reasonableness of the original decree, and the party seeking modification has the burden of proof to show facts warranting modification and that the change is for the child’s best interest.’ ”
The Court went on to say:
“It appears that probably the Chancellor considered this matter in the same light as it would have been considered by him had no former decree been entered and, therefore, applied the rule enunciated in Fields v. Fields, 143 Fla. 886, 197 So. 530, and in Hurst v. Hurst, [158] Fla. [43], 27 So.2d 749, and other cases of that sort. There are valid reasons for the difference in degree of discretion which may be exercised by the Chancellor in these two classes of cases. He is vested with the right of exercise of a broader discretion in entering the original final decree because then it devolves upon him to determine the relative fitness of the parties for the custody of the child and to determine from all the facts what decree will be for the best interest of the child, but when he has entered that decree and it becomes final it is res ad-judicata of those facts and circumstances and cannot be modified or changed thereafter, unless it appears that there are some pertinent facts which the court did not know at the time that decree was entered, or unless there is an altered condition shown to have arisen since the decree. See Frazier v. Frazier, [109 Fla. 164, 147 So. 464], supra.
“It is important that this rule should be observed, else there could never be any finality of the judicial determination of the custody of children.”
In the case of Phillips v. Phillips, 1943, 153 Fla. 133, 13 So.2d 922, the father was granted custody of a seventeen-month old infant. Later the mother filed a petition to modify and to have the custody of the child transferred to her. The lower court granted her petition, but on appeal the Supreme Court reversed. In that case there was no question of the mother not being fit to have custody at the time she filed her petition for modification. The Supreme Court stated:
“Aside from all this, however, it appears to us that the law which the Chancellor should have applied in this case when considering the petition for modification of the final decree is clearly stated in the case of Gedney v. Ged *42 ney, 117 Fla. 686, 158 So. 288, 289, wherein we said:
“ ‘There is no finding that Mathias M. Gedney is not a proper person to have custody and control of his son, Leigh Gedney. Neither is there anything in the record to show that the son, Leigh Gedney, is subjected to- any untoward influences; that he is not properly cared for; that he is not being properly reared; or that his best interest would be in any way served by the proposed change of custody. We therefore think that the order of the learned chancellor changing the custody of Leigh Gedney from his father to his mother was not warranted as a ■matter of law.’ ”
The rule of law for which both of the above cases stand was applied again in 1954 by the Supreme Court in the case of Bennett v. Bennett, Fla.1954, 73 So.2d 274, where on a petition for modification the lower court had taken the custody of the children from the husband and given it to the wife. In reversing, the Supreme Court, speaking through Mr. Justice Drew, stated:
“The primary concern of this Court is and should be the welfare of the children. If any change is to be made in the provisions of the decree of June 12, 1952, we are warranted in making such changes only on the basis of a change in conditions and circumstances of a substantial character which have occurred since the date of that decree or on the basis of facts bearing upon the question which were in existence at the time the decree was made but were unknown to the Court on the date of its decree. Sayward v. Sayward, Fla.1950, 43 So.2d 865. And, even if we do determine that there has been a substantial change in conditions, we would be warranted in altering said decree only where it appears that the welfare of the children will be promoted thereby.”
Under the circumstances in the instant case, we hold that the principles enunciated in the cases discussed above are applicable and controlling. The order appealed is, therefore, reversed.
WHITE, J., and WILLIS, BEN C., Associate Judge, concur.