205 So.2d 310 (1967)
Eugene FRYE, Appellant,
v.
Shirley Anne FRYE, Appellee.
No. 1587.
District Court of Appeal of Florida. Fourth District.
December 6, 1967.
Rehearing Denied January 17, 1968.
*312 Robert G. Murrell, of Sam E. Murrell & Sons, Orlando, for appellant.
Salvatore R. Scarito, of Fernandez, Scarito & Kirk, Orlando, for appellee.
McCAIN, Judge.
This is an interlocutory appeal by the defendant, Eugene Frye, from an amended order of the Circuit Court for Orange County granting permanent care, custody and control of the parties' three minor children to the plaintiff, Shirley Anne Frye, together with support monies. We reverse.
The parties, lawfully married with three children born as issue, were divorced in Orange County by a final decree of divorce dated February 18, 1964, which pursuant to stipulation placed the custody of the children, then ages four, three and two years, with the defendant. The plaintiff then remarried but left her second husband and returned to live with the defendant during September, 1964. While living with the defendant the plaintiff obtained a divorce from her second husband. On October 22, 1966, plaintiff, claiming marriage by common law, filed this action in Orange County for divorce against the defendant and sought custody of the children. An amended complaint for divorce and custody was filed on November 14, 1966. Testimony discloses the parties ceased living together on November 4, 1966, with the plaintiff taking custody of the children.
The amended complaint did not allege or otherwise plead the order of the divorce court relative to custody. The defendant joined issue with the amended complaint by a general denial and affirmatively pleaded the divorce court's decree and stipulation on custody, attached copies thereof to the answer, and generally alleged the unfitness of the plaintiff for custody and the fitness of the defendant. The court, without testimony, placed the temporary custody of the children with the plaintiff on November 10, 1966. By order dated December 27, 1966, followed by a final summary judgment on January 23, 1967, the court decreed that no common law marriage existed but reserved disposition on the matter of custody. Following final hearing and taking of testimony, the court entered the order appealed dated June 6, 1967, granting permanent custody of the children to the plaintiff and awarding child support.
The first question presented is whether or not the trial court had jurisdiction to make any custodial disposition of the Frye children at all. We find that it did. A subsidiary inquiry inextricably bound up with such a determination is whether jurisdiction of the trial court was invoked originally by plaintiff's complaint incident to her suit for divorce, or whether the jurisdiction invoked was that continuing from the first divorce decree entered by the same court three years earlier.
By filing a complaint that sought both dissolution of her supposed matrimonial bonds and a determination of custody of her children, plaintiff in reality *313 asked the court to take jurisdiction of two separate matters. Cone v. Cone, Fla. 1953, 62 So.2d 907. The jurisdiction of the court regarding custody, once acquired, continues regardless of the outcome of the actual divorce litigation. Stewart v. Stewart, 1946, 156 Fla. 815, 24 So.2d 529; Duke v. Duke, 1933, 109 Fla. 325, 147 So. 588. Thus in normal circumstances if a woman files for divorce and seeks custody of her children and it is determined that the woman was never validly married, the court could nevertheless retain jurisdiction to determine custody of the children.
But we cannot draw upon this source of jurisdiction here because of the unusual circumstance of a prior divorce and custody decree. When plaintiff and defendant were first divorced in 1964 the court placed custody of the children with the defendant. The law is settled that once a court makes a custodial determination it retains jurisdiction to modify its custody orders at any time prior to the child's majority. Bohn v. Rhoades, Fla. 1960, 121 So.2d 777; Schraner v. Schraner, Fla.App. 1959, 110 So.2d 33. This continuing jurisdiction to modify its own decree is generally considered exclusive to the divorce court. 27B C.J.S. Divorce § 303, annotation 146 A.L.R. 1153. It follows that in the case sub judice the divorce court's (Orange County Circuit Court) continuing exclusive jurisdiction had not been disturbed. Had plaintiff and defendant been validly remarried even by common law the divorce decree would have been a nullity and the parties restored to joint custody and control of their children. 27B C.J.S. Divorce § 314. The continuing jurisdiction of the original divorce court then would have been terminated by such remarriage and a court in a second divorce suit would have been free to make a new custody order. F.S.A. § 65.14.
But where, as here, the attempt at remarriage is legally ineffective the original divorce court's custody jurisdiction continues to the exclusion of a second court where the supposed marriage is asked to be dissolved. Coincidentally, however, plaintiff sought her second divorce in the same court that rendered the first divorce decree; the court then continues to possess exclusive jurisdiction to modify its custody order.
Therefore the Circuit Court for Orange County has no original jurisdiction to determine custody of the Frye children incident to plaintiff's complaint for divorce because the Circuit Court for Orange County has retained exclusive jurisdiction to modify its previous order of custody. The difference would at first appear meaningless inasmuch as the same court has jurisdiction to determine the same question, custody. The importance of the distinction lies in what plaintiff must show to obtain a change in custody. In order to modify an existing custodial order plaintiff must allege and prove a substantial change in circumstances or conditions since the time the decree was entered. Sayward v. Sayward, Fla. 1949, 43 So.2d 865; Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312. On the other hand, in an original determination the court is free to make a discretionary disposition in the best interests of the children. Once such initial decision is rendered the burden is on him who would change it to present a reason in the form of some change in conditions. The court does not have the same degree of discretion to modify custody as it does to enter an original decree. Belford v. Belford, supra. This difference makes it important to discover the source of the trial court's jurisdiction.
In this cause the trial court's jurisdiction must be under its authority to modify the original decree. Otherwise it would be able to enter a new decree without a showing of changed conditions. While in technical form plaintiff's pleading was not styled a petition to modify, the pleadings when taken together contain sufficient jurisdictional allegations to permit their consideration as a petition invoking the court's continuing jurisdiction. See Easterling v. Caton, 1954, 260 Ala. 543, 71 So.2d 835. *314 The trial court therefore had jurisdiction to modify the original decree, and the first question is answered affirmatively.
The second question presented is whether or not plaintiff, by pleadings and proof, affirmatively demonstrated sufficient basis on which the court could modify the existing custody decree. We find that she did not.
As noted when the court determined the parties were not remarried through any common law process, the provisions of custody in the divorce court's decree were not nullified but were continued in force and effect. Accordingly, the court was not warranted in making a change in custody unless there had been a substantial change in conditions and circumstances since the date of the custodial decree or unless pertinent facts in existence at the time the decree was entered but unknown to the court at that time were presented. Sayward v. Sayward, supra; Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464; Belford v. Belford, supra. Even if a court finds a substantial change in conditions a decree should not be altered unless the welfare of the children would be promoted. Jones v. Jones, 1945, 156 Fla. 524, 23 So.2d 623; Phillips v. Phillips, 1943, 153 Fla. 133, 13 So.2d 922; Bennett v. Bennett, Fla. 1954, 73 So.2d 274.
Here plaintiff failed to properly plead changed conditions, and the scant testimony before the court, supplied only by the plaintiff and her sister-in-law, primarily concerned itself with the good treatment being administered to the children by the plaintiff, the homeplace, the educational and religious training being received by the children, and the love and care for them by the plaintiff. There is no showing of any change in the manner in which defendant cared for the children. Although the record reveals that the defendant is a long distance truck driver and out of the state, it is devoid of evidence showing his intent not to return or to otherwise waive or forfeit his right to custody of the children.
One cannot but feel sympathy for a mother who has improved herself, more especially in view of the prima facie right of a mother to custody of children of tender years, Julian v. Julian, Fla.App. 1966, 188 So.2d 896, but the instant case is controlled by principles applicable to a modification of custody proceeding as discussed in Ritsi v. Ritsi, Fla.App. 1964, 160 So.2d 159. There it was held that the improved circumstances of a mother do not justify a change of decreed custody unless coupled with circumstances relating to the existing custody arrangement which are improper and harmful to the children so as to make it manifest that a change of custody is essential for their welfare. Jones v. Jones, supra; Phillips v. Phillips, supra; Hart v. Howell, 1944, 154 Fla. 878, 19 So.2d 317.
The trial judge found a changed condition in the fact that plaintiff and defendant had resumed living together. While it is true that this was a new circumstance, it is without relevancy to the question of custody. It is obvious that the changed conditions must bear on the issues of the treatment the children are receiving under the existing custody order and the relative treatment they would receive from the contesting parties. Proof of the resumption of living together carries no inference of any changed conditions actually affecting the welfare of the children who once again must be placed in some manner of divided custody. All in all, the testimony, which could not have taken more than a few minutes, fails to muster that strength required to warrant a change in custody.
A former decree of a court of competent jurisdiction awarding custody of a child to one parent is res judicata of the matters involved and known at the time of that decree and is to be afforded and entitled to this weight at a subsequent proceeding. Frazier v. Frazier, supra; Gedney v. Gedney, 1934, 117 Fla. 686, 158 So. 288; 10 Fla.Jur., Divorce, § 262. The allegations, proven facts, and the inferences reasonably arising therefrom do not support *315 the conclusion that a change in custody is warranted.
The order of June 6, 1967, is reversed, and the cause remanded for entry of an order consistent herewith. This has the effect of leaving the matter of custody as it was provided for in the divorce court's final decree. Our ruling is without prejudice to any proper petition that may be subsequently filed seeking modification of the decree as to custody, support and visitation on the grounds of changed circumstances.
Reversed and remanded.
CROSS and REED, JJ., concur.