## BLOCKER v. KRAMEK.
No. 69-1496.

Circuit Court, Broward County.

March 31, 1969.

William H. Kilby, Fort Lauderdale, for Mrs. Blocker.

George A. Shahood, Dania, for Mr. Kramek.

STEPHEN R. BOOHER, Circuit Judge.

These consolidated causes involve the custody of the four year old daughter of the parties, Tracy Patricia Kramek. The mother, Christy Lee Blocker, filed her petition to modify final decree and application for restraining order without notice on March 10, 1969,

at no. 69-1496-Booher, and the restraining order prayed for was granted the same date. The father, Robert Edward Kramek, filed his petition for writ of habeas corpus on March 12, 1969, at no. 69-1597-Nance, and the writ prayed for was issued the same date, returnable March 13, 1969 at 4 P.M. At that hearing, the court determined that it had jurisdiction of the child and had the duty, therefore, of determining the question of custody raised by the two petitions in the light of the best interests and welfare of the child. Fox v. Fox, Fla.App.1965, 179 So.2d 103. In addition, the court entered a verbal order in the presence of the parties and counsel enjoining and restraining both parents from removing or causing or permitting the removal of the minor child from the jurisdiction of the court until further order, and the parties were advised of the provisions and penalties of §805.03, Florida Statutes, in the event of the violation of such order. Finally, the court noted that the father, who had been awarded custody in a proceeding in the circuit court of Baltimore, Maryland, would be put to considerable expense for transportation of witnesses and related expenses and that such expenses under the circumstances would be considered as taxable costs if the matter went to final hearing.

By stipulation of counsel and order entered, the two causes were consolidated and came on for final hearing on March 24, 1969, the court deeming that the consolidated causes were at issue on the two petitions without the necessity of further pleadings. After taking the testimony of the parties and their witnesses, and considering the arguments and authorities of counsel, and being otherwise duly advised in the premises, the court finds —

These parties were divorced by circuit court no. 2 of Baltimore City, Maryland, on August 14, 1968, in an action brought by the father against the mother on the grounds of adultery. The mother was represented by counsel in such proceeding, although she did not appear because she was then six months pregnant with the child of her present husband. By its decree of divorce the Baltimore circuit court approved an agreement between the parties dated September 5, 1967, except as to paragraph second, which provided that the mother should have custody of the minor child. Based on the testimony taken, the court awarded custody to the father, with reasonable rights of visitation to the mother. In view of the fact that the Baltimore circuit court had jurisdiction of the parties, that the mother was represented by counsel who appeared on her behalf, and that the decision of the court with respect to custody was based upon testimony taken and considered, it may well be that the mother is bound by the Maryland decision. See: Lambertson v. Williams, Fla. 1952, 61 So.2d 478; Willson v. Willson, Fla. 1951, 55 So.2d 905; Weldgen v. Weldgen, Fla. 1952, 62 So.2d 420.

The father is an eminently fit and proper person to have custody of the minor child. He is a lieutenant senior grade in the United States Coast Guard, and the court found him stable and mature, with great love for his daughter, and well able to provide for her needs in the future as he has in the past. Since the separation of the parties in September, 1968, the minor child has spent substantial periods of time with the father, and the evidence indicates that the child's best interests and welfare were more than adequately provided for during such periods of custody. The mother has not established that there has been any change in the father's circumstances to justify the change of custody requested, and the court finds that there has been no such change of circumstances. In view of this fact, the provisions of the Maryland decree with respect to custody should not be disturbed, there having been no showing that a change of custody is essential for the child's welfare. Frye v. Frye, Fla. App. 1967, 205 So.2d 310, 314; Ritsi v. Ritsi, Fla. App. 1964, 160 So.2d 159; Jones v. Jones, 1945, 156 Fla. 524, 23 So.2d 623; Phillips v. Phillips, 1943, 153 Fla. 133, 13 So.2d 922; Hart v. Howell, 1944, 154 Fla. 878, 19 So.2d 317. See, also, In re Vermeulen's Petition, Fla. App. 1959, 114 So.2d 192.

The court is aware that when both parents are fit, the custody of young children should be awarded to the mother, "other things being equal." This is a case, however, where the implicit corollary to that rule applies; the father should be awarded custody because other things are not equal. Wilkerson v. Wilkerson, Fla. App. 1965, 179 So.2d 592, 598. The evidence indicates that the mother left the marital domicile and came to Florida with the child; that she committed adultery on a number of occasions, as a result of which she became pregnant and has since given birth to a child; and that she voluntarily relinquished custody to the husband under those circumstances. The court recognizes that adultery alone is not enough to justify an award of custody to the father, but it is important in this case because it indicates the character of the mother. The court found her to be immature, self-centered, headstrong, and more interested in doing what she desires than in giving first consideration to the welfare of her child. Her present husband, in contrast, is mild of manner and appears to yield to the mother in whatever she desires. He does not provide the strong father image which this minor child deserves and has in her father, nor would it appear that he exercises a sufficiently firm hand to control the mother's self-centeredness. Dr. R. K. Bernston, a clinical psychologist, called by the mother, described her as "narcissist", and this was amply shown not only by her prior course of conduct but also by her demeanor in the courtroom.

The evidence further indicated that on two occasions since the separation of the parties, the mother returned the child to the father to be nursed back to good health, even though military facilities were available to her locally for medical treatment of the child as a dependent of a Coast Guard officer, and the father had supplied the mother with the necessary forms. This would appear as a tacit admission by the mother herself that the best interests and welfare of the child lie with the father's custody.

Even were it not for the foregoing, this court would be concerned about continuing custody with the mother in view of the circumstances of her remarriage. The present marriage has all the earmarks of a so-called "shot gun" wedding; such weddings are notoriously unstable, and insufficient time has passed to assure the court of the stability of the new marriage, especially in view of the mother's immaturity and propensities. Compare: Longstreth v. Frischkorn, Fla. App. 1965, 171 So.2d 550.

Based on all the evidence presented, the court finds that the best interests and welfare of the minor child require that her custody be continued with the father. The court notes that an important factor in this determination was the demeanor of the parties and their witnesses. The words spoken did not match the attitudes reflected, and the opportunity to observe the parties was of great importance and assistance in this particular case.

Costs should be taxed against the mother in the sum of $561.39, pursuant to the motion to tax costs and other expenses filed by the father, together with the supporting evidence presented.

Counsel for the mother has indicated his intention to appeal the court's judgment in this case and has filed a motion for supersedeas. Having found that the best interests and welfare of the child dictate that custody be returned to the father, it would be inconsistent for the court to grant the motion. In order not to foreclose the mother's right to appeal and to apply to the court of appeal for supersedeas, transfer of custody to the father will be deferred to April 2, 1969, to give counsel the opportunity to present the matter to the court of appeal, if they be so advised.

Accordingly, it is ordered and adjudged that —

(1) The petition to modify final decree filed by the mother, Christy Lee Blocker, be and the same is hereby denied, and the restraining order without notice issued March 10, 1969, in case no. 69-1496, be and the same is hereby vacated and set aside.

(2) The petition for writ of habeas corpus filed by the father, Robert Edward Kramek, be and the same is hereby granted, and the mother, Christy Lee Blocker, is ordered and directed to deliver

the minor child, Tracy Patricia Kramek, to the father, Robert Edward Kramek, on Wednesday, April 2, 1969, at 8 A.M., at her residence 1351 Holly Heights Drive, Fort Lauderdale, Florida. Until such date and time, the court's oral order enjoining and restraining both parties from removing or causing or permitting the removal of the child from the jurisdiction of the court is continued in effect.

(3) The father, Robert Edward Kramek, recover his costs from the mother, Christy Lee Blocker, in the sum of $561.39, for which let execution issue.

(4) The motion for supersedeas filed on behalf of the mother, Christy Lee Blocker, be and the same is hereby denied.