PER CURIAM.
This is an appeal from a post-judgment order of the circuit court granting the ap-pellee father custody of a daughter of the parties. The appellant mother had been given custody of the daughter in the final judgment of divorce entered in 1962. On August 17, 1967, the father petitioned the court to modify the final judgment by awarding custody of the daughter to him. On August 23, 1967, the court entered an order granting appellee’s petition for custody. Thereafter a petition for rehearing was filed and rehearing granted. After extensive hearings the court on December 8, 1967, entered the order now appealed from. This order affirmed the change in custody and specifically provided :
“1. The defendant, ARNOLD AVE-DON, shall be, and he is hereby vested with the custody of the minor child of the parties hereto, WENDY JO AVE-DON, until the end of the school year, June, 1968. At that time the Court will re-evaluate the condition of the child and will enter such other and further orders as it deems appropriate concerning the welfare of the child. If there is not an appreciable improvement of the present frightening condition of the child, at that time appropriate action will be taken to reinvest plaintiff with custody.”
After several motions and orders relative to the preparation of the record and a great many stipulations extending the time for the filing of briefs, this appeal came on for oral argument before this court on September 30, 1969.[1] It is apparent that the time covered by the trial judge’s order providing for a limited period of custody has long since expired. We do not think that any great benefit will be accomplished by a lengthy discussion of the five points presented upon appeal.
The Supreme Court has held that a trial judge does not have the same degree of discretion to change a judgment with regard to custody as he has to make the original award. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947). A review of this record convinces us that in entering the order appealed from the trial judge did not abuse this higher standard for the exercise of his discretion. Cf. Klein v. Klein, Fla.App.1967, 204 So.2d 239.
No reversible error having been demonstrated under any of appellant’s points, the order appealed from is affirmed.
Affirmed.

. This court is not informed as to the circumstances requiring the numerous extensions and for that reason does not condemn counsel. Nevertheless it should be pointed out that the net result has been to defeat the appellate process. This court ordinarily sets oral argument upon an interlocutory appeal for a day not later than a few weeks after the filing of the .appellee’s brief. Thus decisions are ordinarily rendered in inteilocu-tory appeals within 30 days of the submission of briefs.
Rule 3.12, Florida Appellate Rules, 32 F.S.A., permits a party to request an appellate court to expedite the final hearing of any cause.