WILLIE LEE SIMMONS V. PAUL SIMMONS.

165 So. 45.
Opinion Filed January 6, 1936.
Rehearing Denied January 27, 1936.

*D. Niel Ferguson,* for Appellant;

*A. P. Buie,* for Appellee.

WHITFIELD, C. J.—In this case the husband brought a suit for divorce on the ground of adultery of the wife. The amended bill of complaint alleges that complainant "is a resident and citizen of the State of Florida, and has been such for more than two years next prior to the filing of this amended bill of complaint." The custody of a minor daughter was prayed for by complainant. There are statements of fact which tend to support the allegation "that the defendant has been guilty of adultery." A motion to dismiss the amended bill of complaint for lack of sufficient

allegations to show jurisdiction and a ground for divorce was properly denied as also was a motion to strike portions of the amended bill of complaint.

The wife by answer denied the allegations against her, and for a divorce against the husband alleged adultery, extreme cruelty and habitual intemperance, and by "counter claim" sought, on the ground of duress, the cancellation of a deed conveying property to complainant's mother, and an accounting for the property in which defendant claims dower rights. The grantee in the conveyance referred to was made a defendant in the "counter claim." Defendant wife upon various averments prayed for a divorce, for the custody of the minor daughter, for a cancellation of the conveyance, for temporary and permanent alimony, suit money and counsel fees.

The court denied a motion to dismiss the "counter claim"; and granted a motion to strike a part of the husband's answer averring condonation of the wife's charge of adultery against the husband.

Upon testimony taken by the chancellor he made specific findings that the husband had proven his charge of adultery of the wife; that the wife had not proven her charges of adultery, habitual intemperance, or desertion, but had proven her charge of extreme cruelty against the husband; that the wife had not proven her counter claim; that the wife is entitled to the custody of the minor daughter and that the wife "is without means of support, property or income."

By decree the husband was granted a divorce for adultery of the wife; the wife was granted a divorce for extreme cruelty of the husband; the custody of the minor daughter was awarded to her mother "until the further order of the court"; cancellation of the conveyance made to the husband's mother was denied; alimony, suit money and counsel

fees were denied; costs of the proceedings were taxed against the husband.

An appeal was taken to portions of the final decree granting a divorce to the husband, denying cancellation of the conveyance to the husband's mother and denying alimony, suit money and solicitor's fees.

It is not made to appear that any material or prejudicial error was committed in the interlocutory proceedings of which the appellant can ·justly complain. There is substantial evidence showing the jurisdiction of the court to entertain the suit and sufficient evidence to sustain the findings and the decree in granting a divorce to the husband, in denying a cancellation of the conveyance referred to in the answer and "counter claim" and in denying alimony to the wife. The custody of the minor daughter is subject to the further order of the court; and the support of such minor may be adjudicated in appropriate proceedings.

A consideration of the entire record leads to a determination that the portions of the final decree appealed from should be and are. affirmed, except that portion denying reasonable suit money and solicitor's fee which said last mentioned portion of the final decree is reversed and the cause is remanded for appropriate proceedings to ascertain, determine and adjudicate reasonable suit money and for a reasonable solicitor's fee for the wife's counsel to be adjudicated against and paid by the husband, the appellee, Paul Simmons. The costs of this appeal shall be taxed against the said appellee.

It is so ordered.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.