Action for divorce by Pecola Darby Foreman against Farris Foreman, wherein defendant was granted a divorce from plaintiff on ground of adultery. From a decree denying plaintiff a share in property accumulated during marriage, she appeals and defendant cross-appeals.
Reversed for further proceedings.
This appeal is from a final decree wherein the husband was granted a divorce from the wife on the ground of adultery. The wife was denied a share in the property accumulated by them during the marriage. The wife has appealed and the only question is whether she should have been granted a share of their joint accumulation. This issue was made on the pleadings; the cause was referred to a special master with directions to report the testimony together with his findings of law and fact and recommendations. The chancellor followed the recommendations except the one which recommended that the wife have a share of the property. The master recited:
"At the time of the marriage of plaintiff and defendant they had but little of property or money. The plaintiff avers that at all times during the years she lived with the defendant she operated for him a cafe, or a store, or a rooming house. The testimony of Dan Sargeant, (tr. 10, 11, 13); Lovie Thompson, (tr. 14, 15, 16); A.C. Clark, (tr. 16 to 20); Mamie Wynn, (tr. 21); Elree Gilbert, (tr. 23, 24); Jimmie Lou Johnson, a witness for defendant, (tr. 50, 53, 54); covers practically the entire married life of the parties and seems to establish ample proof of the allegations of the plaintiff. The assertion of defendant that he `didn't make any money but playing poker' only accentuates the worth of the labor and industry of plaintiff. She turned over to him all funds received, and when it is shown that groceries purchased from one retail store alone would average $60.00 to $80.00 per week, (tr. 136) in addition to any supplies purchased from wholesale houses or elsewhere it would appear that her share of labor and supervision was considerable. She also cast a mantle of respectability over his illegal profession, if that were possible."
The learned chancellor gave no reason why he disagreed. The law is settled that adultery will not forfeit the wife's property, although she is not entitled to alimony. See Heath v. Heath,103 Fla. 1071, 138 So. 796, 82 A.L.R. 537. The master saw and heard the witnesses; he had every advantage to evaluate the testimony which appears to be sufficient predicate for his conclusion. To merely differ with the fact finder without justification and reason shown will not be approved. There is no indication that the Master misapplied the law to the facts. For the chancellor to waive the findings aside without favoring us with any excuse or reason places us at a loss to find just cause to sustain his decree, and for that reason it is reversed with directions to allow the *Page 561 
appellant a just portion of the property in question.
A cross-assignment of error questions the award to the wife of an attorney's fee because of her adulterous guilt. This was not error. See Simmons v. Simmons, 122 Fla. 325, 165 So. 45.
The appellant has petitioned this court to allow a reasonable fee for prosecuting her appeal in this court. We grant her petition and allow a fee of $125.00 together with the cost of this appeal.
The decree is reversed for appropriate proceedings not inconsistent herewith.
Reversed.
CHAPMAN, SEBRING and HOBSON, JJ., concur.