Jesse B. LOGAN, Appellant
(Defendant below),

v.

Edna Portela LOGAN, Appellee
(Plaintiff below).

No. 3264.

Supreme Court of Wyoming.

Nov. 5, 1964.

Hickey, Rooney, & Walton and J. J. Hickey, Cheyenne, for appellant.

J. Reuel Armstrong, Rawlins, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

An action was filed by Edna Portela Logan against Jesse B. Logan, seeking a divorce on the ground of intolerable indignities; defendant answered, denying the charge, and cross-complained, alleging both indignities and extreme cruelty. Following trial the court found that "each party has offered the other such indignities as to render each of their marital condition intolerable," and decreed that "each party is divorced from the other party," granting custody of the children to the wife. The husband has appealed, charging that the judgment is void because it granted a divorce to both parties, the evidence showing and the court finding both to be guilty of the same offense. His attack also asserted that the uncontradicted evidence proved the wife not to be a fit person to have the care and custody. The basic determination here is the propriety of the court's granting of a divorce to both parties.

Appellee urges that the divorce is not void because of the wording, citing Brown v. Brown, 38 Ariz. 459, 300 P. 1007, and Hemphill v. Hemphill, 84 Ariz. 95, 324 P.2d 225; but the inapplicability of these cases is manifest from the statement in the Hemphill opinion, 324 P.2d at 228, "Trial judges in this state may properly employ this form of judgment in the rare

case where there is no evidence of recrimination * * *."

Section 20–38, W.S.1957, enumerates causes for divorce. Section 20–55, W.S.1957, provides that no decree shall be issued where there is collusion or where the party complaining "shall be guilty of the same crime or misconduct charged against the defendant." Neither statute has been altered since its passage in 1882, and it is elementary that the statutory grounds of divorce are exclusive, the courts having authority in this field to do that only which is prescribed by the legislature. Urbach v. Urbach, 52 Wyo. 207, 73 P.2d 953, 113 A.L.R. 889.

There was early general recognition of the view that a party guilty of recrimination (equal fault) was not entitled to a divorce, 27A C.J.S. Divorce § 67; 17 Am. Jur. Divorce and Separation § 263 ff.; Warren, Schouler Divorce Manual, § 180 (1944); Keezer, Law of Marriage and Divorce § 522 (3 ed.); 1 Nelson, Divorce and Annulment, §§ 10.01—10.10 (2 ed.). However, as will be noted from these authorities, in certain jurisdictions recrimination is no longer an absolute bar to the granting of a divorce, a court having discretion to invoke it or not, according to the circumstances of the case, or of granting the divorce to the party less at fault under the principle of comparative rectitude—neither of which views has been approved by this court.

Concerning the point in issue, the granting of a divorce to both parties, each of whom has been found guilty of an offense which is a cause of divorce, we find only three jurisdictions where this has occurred: Flagg v. Flagg, 192 Wash. 679, 74 P.2d 189; Schirmer v. Schirmer, 84 Wash. 1, 145 P. 981; Simmons v. Simmons, 122 Fla. 325, 165 So. 45; Burch v. Burch, 3 Cir., 195 F.2d 799. None of these three cases are valid authority to support the instant judgment. In Washington, the situation was different because the court was authorized to grant the divorce to both parties by a statute providing, "The defendant may, in addition to his or her answer, file [a] cross-complaint for divorce, and the court may, in such case, grant a divorce, if any, in favor of either party, or as an [on] application of both." (RRS § 986; now RCW § 26.08.150.) In the Florida case, a divorce was granted to both parties in the trial court, but the propriety of the decree was not raised on appeal. The Burch decision relied upon the Florida and Washington holdings and thus is not persuasive.

Although appellee argues that the parties were not guilty of the same crime or misconduct charged against each other, the trial court specifically found otherwise, and since she has not appealed from the judgment, the point does not merit discussion.

The judgment is reversed and vacated.