212 So.2d 100 (1968)
Irene Helen DORAN, Appellant,
v.
John Frederick DORAN, Appellee.
No. 1554.
District Court of Appeal of Florida. Fourth District.
June 5, 1968.
Rehearing Denied July 22, 1968.
*101 John A.W. Camillo of Howard, Camillo, Powers & Payne, Fort Lauderdale, for appellant.
Robert S. Levy of Levy & Levy, West Palm Beach, for appellee.
OWEN, Judge.
Plaintiff wife appeals from an order entered by the Juvenile and Domestic Relations *102 Court of Palm Beach County which modified the final decree of divorce theretofore entered by the circuit court.
The final decree entered by the circuit court January 20, 1965, granted the husband a divorce on his counterclaim, and transferred jurisdiction to the juvenile and domestic relations court for all further matters relating to the payment and fixing of support money and custody of the minor children. Subsequently, on the defendant husband's petition for change of custody of the minor children [and other relief] the juvenile and domestic relations court entered its order under date of February 7, 1966, as follows:
"This cause was presented upon defendant's petition for a change in custody of the minor children and for such other relief as the court finds equitable. Both parties were present and testified before the court, plaintiff being represented by J. Ralph Mabie, Esq. and defendant by Robert S. Levy, Esq.
"The chancery court awarded a divorce decree to defendant-counter-claimant on his charges against plaintiff of adultery. Alimony was denied plaintiff in accordance with Florida law. Custody of three minor children, present ages of 17, 16 and 8 years, was awarded to plaintiff. Defendant was ordered to pay for their support $300.00 per month, plus maintaining mortgage payments, taxes and insurance on the family home.
"After transfer to this court, an order was entered on July 1, 1965, restraining each party from interfering with or harassing the other party and further specifying defendant's visitation rights with regard to the youngest child.
"It is readily apparent and generally conceded by both parties that the source of irritation in this cause is money. The defendant has promptly met his support requirements per final decree and, additionally, has provided the children an allowance, purchased much of their clothing and presented them gifts on appropriate occasions. Notwithstanding the above, plaintiff continues to demand that defendant deliver to her one half of his total assets. She has previously been advised that her proper recourse was to appeal the final decree if the provisions of same were repugnant to her and if she believed said decree to be in error.
"Plaintiff has, instead, embarked upon a campaign to annoy and harass defendant at home and at his place of business with the admitted goal of achieving a financial settlement from defendant. Such harassment has included multiple phone calls to defendant in rapid succession and a continuing series of vituperative letters directed to defendant. Defendant has in his possession an armload of such letters and seven of these letters have been received in evidence. More eloquently than the court can express do these letters describe her course of harassment and verify her arbitrary denial of defendant's visitation rights.
"Some six months ago the court conferred with the two oldest children and it seemed that their thoughts had been strongly influenced by their mother. Between July 1, 1965, and November 1, 1965, the court had an opportunity to observe the close relationship between defendant and Kevin, the youngest child. If said child has a different feeling for his father at this time, it must only have come through plaintiff's constant harangues against defendant.
"The plaintiff is clearly in contempt of court for harassment of defendant and for denial of his visitation rights. Although it seems obvious that plaintiff's preoccupation and obscession [sic] with material matters is destroying her family and self, a change in custody will be withheld pending plaintiff's compliance with the directives of this order; were it not for the fact that the court believes plaintiff to be a basically good woman and mother, the custody of the *103 children would be transferred in this order. It is thereupon
"ORDERED, ADJUDGED AND DECREED that plaintiff is hereby adjudged to be in contempt of court for deliberate and continual harassment of defendant contrary to the order of this court dated July 1, 1965 and further for her arbitrary denial of defendant's visitation rights as included in said order; that plaintiff shall be taken into custody and confined in the Palm Beach County Jail for a period of sixty (60) days from the time of his [sic] arrest; provided, however, plaintiff may purge herself of contempt by henceforth complying in the strictest sense with said order as it pertains to restrictions against each party and defendant's rights of visitation with the minor children; further that upon proof that plaintiff has willfully violated these provisions, the custody of the minor children will be granted unto defendant; defendant shall continue to make all support payments as provided in the Final Decree.
"Jurisdiction of this cause is hereby retained for the purpose of entering such further orders as to the court may seem necessary.
"Copies furnished counsel.
"DONE AND ORDERED at West Palm Beach, Florida, this 7th day of February, 1966.
 /s/ Emery J. Newell
 Judge of the Juvenile
 and Domestic Relations
 Court
 (SEAL)"
Some fifteen months later, on April 28, 1967, defendant husband filed a further petition alleging that notwithstanding the provisions of the court's order of February 7, 1966, the wife had continued to pursue a course of conduct similar to that which had resulted in the order of February 7, 1966, and praying that the wife be held in contempt of court and the custody of the minor children [except for the oldest who had married in the interim] be granted to the husband, and for other relief. The matter was set for hearing on May 8. The wife's attorney sought a continuance on the ground that he had not had adequate time to prepare due to the shortness of the notice. He also filed a motion for an order awarding attorneys' fees. When the matter came on for hearing the court denied the wife's motion for continuance but stated that the court would give her an opportunity at a later hearing to present additional witnesses before any final decision was made. The evidence given at the hearing, which need not be detailed here, unequivocally established that the plaintiff wife had continued, subsequent to the court's order of February 7, 1966, to deny defendant his visitation privileges and had continued to annoy and harass the defendant and his associates. However, there was no evidence other than a few isolated incidents to show that any of this conduct occurred in the presence of the two minor children still at home with the plaintiff wife, nor any evidence to show that she was not properly caring for and rearing the children, nor any evidence to show that she was unfit as a mother. The hearing was recessed, ostensibly to be resumed at a subsequent date to permit plaintiff wife to offer further evidence on the issues. However, on May 19, 1967, without any further hearing in the matter, the court entered its order as follows:
"This cause was presented upon the petition of defendant seeking the custody of two minor children and for other and further relief. The court has heard and considered the testimony of both parties. Plaintiff is now represented by John A.W. Camillo, Esq. and defendant by Robert S. Levy, Esq.
"The court in its order of February 7, 1966, found that there was sufficient cause to remove the children from the custody of their mother and that plaintiff was further in contempt of court *104 for her continued harassment of defendant. A change in custody was stayed and plaintiff was allowed to purge herself of contempt by strictly complying with the court's directions in regard to restraints against her conduct and defendant's rights of visitation with the youngest son.
"Despite this opportunity to prove herself a lady and a responsible mother, plaintiff has continued to deny defendant his visitation privileges without any valid reason and has continued to annoy and harass defendant and his associates to an intolerable degree. This includes throwing rocks and eggs at defendant's residence, splattering paint on his apartment, precipitating physical violence with a girl friend of defendant, damaging his car and placing innumerable phone calls to his place of business. Plaintiff is obviously in contempt of court and should be punished accordingly. Neither can the court escape the conclusion that such irrational conduct is detrimental to the welfare of the children and that further exposure to the malicious demeanor of plaintiff may create severe emotional disturbances in the children.
"The court did not find sufficient cause for granting plaintiff's motion for continuance, but did tentatively set a date for taking further testimony if requested by counsel for plaintiff. The court instructed counsel to admonish his client against further misconduct pending another hearing or entry of an order and assumes that he did so. Nevertheless, plaintiff has failed to cease her constant annoyance of defendant and his counsel by repeated and extended use of the telephone. It is clear that a further hearing will be futile. It is thereupon,
"ORDERED that the plaintiff, Irene Helen Doran, is hereby adjudged to be in contempt of court for failing to comply with the prior directives of the court pertaining to her conduct and defendant's rights of visitation with the youngest son, and shall be taken into custody and confined in the Palm Beach County Jail for a period of thirty (30) days from the time of her arrest.
"IT IS FURTHER ORDERED that custody of the two remaining dependent children be granted unto defendant until the further order of this court and that support payments from defendant to plaintiff be suspended so long as said custody remains with the defendant. Further that the defendant is awarded the sole use and occupancy of the home place of the parties so long as the custody of the children remains with defendant.
"IT IS FURTHER ORDERED that the motion of counsel for plaintiff for an allowance of attorney's fees is denied since this is a discretionary matter with the court and the matters herein considered were brought about by the misconduct of plaintiff.
"Jurisdiction of this cause is hereby retained for the purpose of entering such further orders as to the court may seem necessary.
"Copies furnished counsel.
"DONE AND ORDERED at West Palm Beach, Florida, this 19th day of May, 1967.
 /s/ Emery J. Newell
 Judge of the Juvenile
 and Domestic Relations
 Court
 (SEAL)"
It is from this order which plaintiff wife appeals.
Appellant's first point questions the correctness of the court's denial of her motion for continuance. This was discretionary and no abuse of discretion is shown.
*105 Appellant's second point questions that part of the court's order transferring the custody of the two minor children, a boy age 18, and a boy age 9, to the defendant husband. Appellee argues that actually such custody was changed by the court in its order of February 7, 1966, and since no appeal was taken from that order, the change of custody cannot now be challenged in this appeal from the order of May 19, 1967. We have quoted in full both of these orders. While the order of May 19, 1967, states "The court in its order of February 7, 1966, found that there was sufficient cause to remove the children from the custody of their mother", an examination of the February 7 order discloses that a change of custody was not ordered therein. Likewise, it is manifestly clear from the record that a change of custody in fact did not occur until the entry of the order of May 19, 1967. We therefore hold that the change of custody of the two minor children was brought about as a result of the order of May 19, 1967, and is subject to review on this appeal.
Appellant wife urges that the change of custody was ordered as a penalty to the wife for her continued wilful disobedience of the decree pertaining to visitation rights of the children's father and her wilful disobedience of the court's order restraining the parties from harassing and annoying one another. The court correctly found the plaintiff wife in contempt and we glean from the briefs [although not shown by the record on appeal] that plaintiff wife has already served the 30 days in jail as a penalty. While it is obvious that during the period of such confinement she could not have custody of the children, their custody should not be taken from her as an additional penalty[1] upon her release from confinement.
An award of custody in a final decree of divorce is to be regarded as res judicata as of the time of the decree, and after the right to custody has thus been fixed by the divorce decree in one parent, on consideration of a subsequent petition for a change of the custody the court does not have the same degree of discretion to choose between the parties regarding the matter of custody, as it had on the occasion of the initial custody determination made in the final decree of divorce.[2] Thus, on petition for modification, the court is not warranted in making a change in custody unless there has been a substantial change in conditions and circumstances since the date of the custodial decree or unless there is presented pertinent facts which were in existence at the time the decree was entered but which were unknown to the court at that time.[3] Even if the court finds a substantial change in conditions a decree should not be altered unless the welfare of the children would be promoted.[4]
The court termed the wife's conduct as irrational. We think this is a rather euphemistic description of it. We assume that such conduct on her part does represent a substantial change from that which existed at the time of the entry of the final decree. The fact remains that there is no competent evidence in the record to sustain the conclusion expressed by the court that such conduct was detrimental to the welfare of the children and that further exposure to the malicious demeanor of the plaintiff wife might create severe emotional disturbances in the children. Substantially all of such conduct occurred outside of the presence of the children. The 18-year-old *106 son, at that time a senior in high school, stated that he was aware of his mother's conduct, did not approve of it, but nonetheless would prefer to remain in her custody. The younger boy did not testify, but the parties' 19-year-old married daughter testified to the effect that the mother was a fit and proper person to raise the children and to have custody of the youngest child. The most damaging part of her testimony insofar as it related to the plaintiff's claim for custody of the youngest child was the opinion expressed by this witness that the 9-year-old boy knew what was going on, that it did affect him, and that if such conduct were to continue it would be detrimental to him. Without questioning the probative value of this opinion testimony, we think it clear that a change in custody from the mother to the father would not remove the child from the arena of the domestic quarrel. Although the trial judge showed admirable restraint in putting up with the contemptuous conduct of the plaintiff wife over a long period of time, we hold that the record fails to disclose sufficient competent evidence to sustain that portion of his order transferring custody of the two minor children from the plaintiff wife to the defendant husband.
Prior to the decree of divorce the homeplace, described in the final decree, had been owned by the parties as tenants of an estate by the entirety. Appellant complains that the court in the order appealed from should not have awarded to the defendant husband the sole use and occupancy of the homeplace. Appellant's point is well taken on the authority of the holding of this court in Berger v. Berger, Fla.App. 1966, 182 So.2d 279.
Finally, plaintiff wife complains of that portion of the court's order which denied her attorneys' fees. If this were solely a contempt proceeding as contended by appellee, the wife would not be entitled to an allowance of attorneys' fees, but we think it manifestly evident that this was in fact a petition for change of custody by virtue of which the wife would, in the sound judicial discretion of the court, be entitled to attorneys' fees.[5] While the wife was undeniably guilty of misconduct which justified the court finding her in contempt, we have held that such conduct did not justify the court in making a change in the custodial provisions of the decree. After the court had recessed the hearing with apparent intention of resuming the same at a subsequent date, the order was entered without affording the plaintiff wife further opportunity to offer evidence, including evidence in support of her motion for allowance of attorneys' fees. [Presumably the court received ex parte proof of the wife's continual harassment.] Upon remand, the plaintiff wife should be afforded the opportunity to introduce evidence on the husband's ability to pay and the wife's necessity for an allowance of attorneys' fees, which factors must be considered by the court in passing upon the wife's motion for allowance of attorneys' fees.[6]
That portion of the order appealed from holding the plaintiff wife in contempt and ordering her punished for such is affirmed. In all other respects it is reversed and the cause is remanded for further proceedings not inconsistent herewith.
CROSS and McCAIN, JJ., concur.
NOTES
[1] Gedney v. Gedney, 1934, 117 Fla. 686, 158 So. 288.
[2] Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312; Frye v. Frye, Fla.App. 1968, 205 So.2d 310.
[3] Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464; Belford v. Belford, supra; Sayward v. Sayward, Fla. 1949, 43 So.2d 865; Frye v. Frye, supra.
[4] Supra, note 3.
[5] Wilner v. Wilner, Fla.App.,1964, 167 So.2d 234; In the Interest of E.P., Jr., Fla.App. 1966, 186 So.2d 801.
[6] Simmons v. Simmons, 1936, 122 Fla. 325, 165 So. 45; Stern v. Stern, Fla. 1951, 50 So.2d 119.