LILES, Judge.
Appellant, plaintiff below, sued his wife for divorce and asserted as grounds therefor her adulterous behavior. She answered with the affirmative defense of condonation and counterclaimed for divorce. The trial court found condonation, dismissed appellant’s complaint for divorce and granted appellee’s counterclaim.
Appellee admitted to appellant that she had had sexual relations but she gave him *724 a fictitious name. He continued to quarrel with her about her conduct even though they resumed sexual relations and continued to cohabit. On her admission of the names of those who had cuckolded him and further instances of her indiscretions, the couple parted company.
Appellee maintains that appellant condoned her behavior. The only behavior he could have condoned would be that of which he had been made aware and at that point he knew only that she had had relations with a man. He thought he knew the name but she had lied about it. Crews v. Crews, Fla. 1938, 130 Fla. 499, 178 So. 139, 142, held that:
“Full knowledge of a matrimonial offense is an essential element of condonation thereof. 19 C.J. 84. Only two cases were discovered where divorce was sought on the ground of adultery for acts that occurred prior to acts that had been condoned, and which prior acts were unknown to complainant at the time of the condonation of the latter acts. In the case of Bernstein v. Bernstein [1893] Prob. 292, 12 ER.C. 783, it was held that condonation of a wife’s illicit relations with one man, which came to the hu:band’s attention, would not condone illicit relations of the wife with another man of which the husband at that time had no knowledge.”
Here, the appellant-husband knew of her illicit relations with one falsely named person but he did not know of her relations with two very real men. Therefore he did not have the requisite “full knowledge” and the case will fall under the Bernstein rule.
Another reason for overruling a finding of condonation is that the required forgiveness was not present. That is shown by the testimony concerning the continued bickering on the part of the husband as to his wife’s behavior.
A third reason for overruling a finding of condonation is that the prerequisite legal proof of adulterous behavior was lacking at the time of the alleged condonation. This assertion is borne out by the reasoning that since the appellant did not know the names of the ones with whom his wife had had relations he could not prove that she had broken her marriage vows. According to Crews, supra, it is mandatory that there be knowledge and a means of proving adultery for condonation to exist where sexual relations are resumed even though forgiveness is absent. Here the requisite means of proving adultery were missing.
Because the court erred in finding that the husband condoned his wife’s adulterous conduct the court also erred in awarding alimony to her. See Fla.Stats., Section 61.08, F.S.A.; Baker v. Baker, Fla.1927, 94 Fla. 1001, 114 So. 661; Malby v. Malby, Fla. 1940, 142 Fla. 656, 195 So. 601; Randolph v. Randolph, Fla. 1941, 146 Fla. 491, 1 So.2d 480; Cowan v. Cowan, Fla.1941, 147 Fla. 473, 2 So.2d 869; Eakin v. Eakin, Fla.1958, 99 So.2d 854.
We affirm the trial court’s award of custody of the minor children to the wife-appellee on the basis of Simmons v. Simmons, Fla. 1936, 122 Fla. 325, 165 So. 45; Bennett v. Bennett, Fla.App.1962, 146 So. 2d 588; McAnespie v. McAnespie, Fla.App. 1967, 200 So.2d 606; Anderson v. Anderson, Fla.App. 1967, 205 So.2d 341.
We therefore reverse the trial judge in his finding that there was legal condonation. We also reverse the trial judge’s award of alimony to the wife and we affirm custody of the minor children in the wife.
Reversed in part and affirmed in part.
HOBSON, C. J„ and McNULTY, J., concur.