OWEN, Chief Judge
(dissenting) :
The parties to this case were divorced in 1969 and custody of their 4-year old son awarded to appellant. Three years later permanent custody was awarded to appel-lee upon his petition alleging a change in circumstances. The appeal is from this order changing custody of the child.
The law is well settled that an award of custody in a final decree of divorce is to be regarded as res judicata as of the time of the decree, and after the right to custody has thus been fixed by the divorce decree in one parent, on consideration of a subsequent petition for a 'change of the custody, the court does not have the same degree of discretion to choose between the parties regarding the matter of custody, as it had on the occasion of the initial custody determination. Doran v. Doran, Fla.App. 1968, 212 So.2d 100; Belford v. Belford, 1947, 159 Fla. 547, 32 So.2d 312. Thus, on petition for modification, the court is not warranted in making a change in custody unless there has been a substantial change in conditions and circumstances since the date of the custodial decree or unless there are presented pertinent facts which were in existence at the time the decree was entered but which were unknown to the court at that time. Even if the court finds a substantial change in conditions, a decree should not be altered unless the welfare of the child would be promoted. Wilson v. Condra, Fla.App.1971, 255 So.2d 702; Doran v. Doran, supra; Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464.
In the instant case I am unable to find evidence of any substantial change in conditions and circumstances which in my judgment would warrant a change of custody. Consequently, I dissent.
The record contains a multi-paged confidential report from a counselor of the Juvenile and Family Division of the Circuit Court. The report, prepared and filed at the request of the court, was considered by the court in reaching its determination on the custody issue, although neither party had access to the report or its content. Section 61.20, F.S., would appear to authorize the court to consider such reports in child custody cases and I am informed that the use of such reports is common practice.
In my judgment, the use of such written reports and recommendations, submitted by a court counselor on the basis of an investigation and social study, is one of the most flagrant violations of fundamental due process requirements that I have ever seen. Not only do the reports customarily contain hearsay of the rankest sort, but also customarily contain statements of opinions from persons not qualified to express such opinions. The recommendations of the counselor, together with the report of the counselor’s investigation and social study, are submitted to the court without opportunity afforded to the parties to test (1) the credibility or qualifications of the court counselor, (2) the basis upon which the recommendations are made, or (3) the credibility or reliability of any of the alleged factual matters set forth in the report. In short, the practice is so shockingly violative of fundamental due process safeguards that I feel the statute should be abolished forthwith.