MAGER, Judge
(dissenting) :
While I am of the opinion that the trial court possessed the requisite jurisdiction to enter a custody award I am inclined to believe, from a reading of the record, that the trial court’s order denying a modification of the custody award was induced by an erroneous view of the law. Town of Medley v. Seminole Rock Products, Inc., Fla.App.1962, 138 So.2d 534.
The record reflects that the petitioner husband filed a petition for dissolution of marriage against respondent wife seeking *565 permanent custody of the parties’ minor child. Petitioner alleged that he was a Florida resident; that the parties had been married in Pennsylvania and that the child was presently in the custody of respondent in Pennsylvania having been removed from the parties’ home against the will of petitioner. The respondent wife filed an answer denying the allegations and a coun-terpetition seeking dissolution and permanent custody further alleging that the respondent wife was a resident of the State of Florida prior to the filing of her counter petition.
Prior to the final hearing the petitioner husband went to Pennsylvania and without the knowledge and consent of the respondent wife removed the child and returned to Florida. Subsequently, the wife returned to Florida and filed a petition for temporary custody which was granted in her favor. The wife returned to Pennsylvania with the minor child.
Apparently there was an understanding that the wife would present herself and the minor child at the time of final hearing. However, at the time of final hearing neither the wife nor the minor appeared. The court proceeded to take testimony from petitioner husband and entered a final judgment dissolving the marriage. The court’s judgment noted the absence of respondent and the minor child without any reasonable cause having been given as to why respondent did not appear. Permanent custody of the minor child was awarded to the petitioner the court having found such custody to be in the best interests and welfare of the minor and the court having specifically found that the evidence reflected respondent “to be a woman emotionally unable to face any crisis in her own household and had neglected the real needs of her child”.
The respondent was directed to deliver the minor child to the petitioner either in Florida or in Pennsylvania. The respondent sought and obtained an order from a Pennsylvania court confirming her right to custody of the minor child. However the petitioner secured custody of the minor by going to Pennsylvania and removing the child from the state returning to the State of Florida.
Subsequently, the wife returned to Florida and filed a motion to amend the final judgment which, in effect, was a motion to modify the court’s award of custody to the petitioner.
A review of the facts in the record as reflected in part by the foregoing, reveals allegations by both parties that they were residents of Florida and demonstrates that, both parties were before the court for the purpose of dissolution and the award of custody. More particularly, the presence of the minor child before the Florida court at the time of the entry of the temporary award of custody was sufficient for the court to have acquired jurisdiction to enter the custody order even though such jurisdiction was during an ancillary phase of the proceeding; such jurisdiction continued until final disposition. Rhoades v. Bohn, Fla.App.1959, 114 So.2d 493; but see Smith v. Davis, Fla.App.1962, 147 So. 2d 177.
At the hearing held pursuant to respondent’s motion to amend the final judgment, evidence was presented to show that respondent did not appear at the final hearing at which custody was awarded because of advice given respondent by her Florida and Pennsylvania counsel; respondent was advised that her appearance at that hearing was unnecessary. Additionally, respondent claimed that she did not have the financial means to make the appearance.
Although counsel for petitioner sought to restrict the hearing to matters that occurred subsequent to the final judgment the court permitted petitioner to present evidence relating to matters as they existed at the time of the final hearing. In this regard the court observed:
“THE COURT: Well, I frankly am concerned about one thing. That is, the *566 feeling also existed at the hearing- — on the one side — that the Court’s been mislead. It may res judicata, but I am concerned about the fact that I’ve only heard one side of the case.”
The respondent presented evidence contradicting the evidence previously presented by petitioner at the final hearing and attempted to refute the finding made by the trial court as to her instability and neglect in an effort to demonstrate her fitness as a mother.
The court’s commendable concern for the best interests and the welfare of the child was vividly demonstrated by the fact that the court proceeded to conduct what amounted to a hearing de novo on the issue of custody and before making any final determination entered an order directing the Division of Family Services in Florida and Pennsylvania to make an investigation for the purpose of submitting a report to the court. Their reports ultimately submitted clearly reflected the fitness of respondent and the finding of a positive environment for the minor child equal to that of the petitioner. The court nevertheless entered an order denying the modification of custody and confirmed its prior order in favor of petitioner husband.
It appears from a review of the record that the trial court was proceeding solely on the basis that unless there was a substantial change in conditions and circumstances since the date of the custodial decree an original award of custody would not be altered. See Doran v. Doran, Fla. App. 1968, 212 So.2d 100, 105. In this regard I am not at all certain that the respondent carried the burden of showing a substantial change in circumstance to warrant a change in custody and to that extent the trial court’s decision is correct. But there is another recognized basis for altering an award of custody, once made, quite apart from a substantial change in conditions. As pointed out in Klein v. Klein, Fla.App. 1967, 204 So.2d 239, 241:
“It has been held that the rule to be applied on a petition to modify a decree for custody is that while the welfare of the children is of paramount concern, a final decree awarding custody to one parent, being res judicata of the matters involved, and known at the time of the decree, should not be modified to change the custody to the other parent, except upon materially changed circumstances, or for material facts unknown to the court at the time of the decree, and then only when it is shown to be essential to the welfare of the child.” (Emphasis supplied.)
See also Doran v. Doran, supra; Smothers v. Smothers, Fla.App. 1971, 257 So.2d 591, writ dischg 281 So.2d 359 (Fla.1973).
The record clearly reflects and the judge himself recognized that he had heard only one side of the case and was concerned about the doctrine of res judicata. Moreover, the record demonstrates clearly that there were material facts not known to the court at the time of the decree, as reflected by the evidence presented at the modification hearing and as contained in the subsequent investigative reports prepared by the divisions of family services. If the court had this information at the time of the final hearing the determination of custody might have been different — but then again, it might have been the same. The point simply is that the court did not have all of the material facts until the modification hearing and at that point may have been of the view that its authority was limited to a showing of substantial change in circumstances. To that extent the court was induced by an erroneous view of the law.
It seems to me, that the best interests and welfare of the child being paramount, the order under review should be reversed and remanded for further consideration by the trial court in light of the principles expressed by this court in Doran v. Doran, supra.