ANDREWS, Judge.
The father, William R. McCown, who presently has custody of the parties’ six year old daughter, Debra, appeals a post decretal order enlarging the visitation rights of the mother.
By terms of the final decree in divorce, entered July 17, 1961, as amended and modified August 24, 1961, the appellant was awarded custody of the parties’ daughter, Debra, as well as custody of the mother’s natural daughter, Christine, age fourteen, whom he previously had adopted. Thereafter, the children lived with the father and were cared for by his mother, who is seventy-three years old.
In January 1961, the appellee secured employment as a waitress in a cocktail lounge. In January 1962, she married a staff sergeant in the armed forces.
In early 1962, the appellee was visiting with Christine and Debra almost every day. Christine, who is fourteen years old, indicated that she wanted to live with her mother. Further, certain difficulties arose in, connection with the mother’s visits. Consequently, on April 4, 1962, the parties executed a stipulation and agreement in which they agreed, among other things, that Christine should live with her mother in the future; that the mother’s visitation rights with Debra should be limited to a period from 5:00 P.M. on a Sunday evening until 8:00 A.M. the next morning, once each month; and that the mother should have the right to obtain a court order approving the agreement without further notice to the father. The stipulation and agreement was approved by an order entered June 19, 1962, upon application by the mother.
On July 18, 1963, the mother served upon the father a petition seeking an increase in visitation privileges based upon allegations that her circumstances and those of the child had changed substantially since the order of June 1962. Specifically, the mother alleged that she had so changed *252 her hours of employment that she now had week-ends free; that the child had expressed a strong desire to spend more time with her; that the child’s age was now such that her desires should be recognized; and that increased visitation would serve the best interests of the child. The father filed a motion to dismiss and, afer the court entered an order reserving its ruling thereon, an answer denying the pertinent allegations of the petition and affirmatively alleging certain facts which, if true, tended to show that Debra’s best interests would be served by denying the mother’s petition.
At the hearing held on December 11, 1963, there was evidence that the existing arrangement had been dictated, among other things, by certain conditions which no longer obtained; that the arrangement had proved to be unsatisfactory in operation ; and that Debra’s best interests would be served by increasing both the frequency and the duration of her visits with the mother. Accordingly, the court entered an order modifying the final decree, as amended, by permitting the mother to have Debra every other week-end from 4:00 P.M. Friday until 8:00 A.M. Sunday and, in addition, to have her for a 30-day period during June, July or August of each year.
The father contends that the court below erred in failing to grant his motion to dismiss based upon the mother’s alleged failure to state a claim upon which relief could be granted. An examination of the mother’s petition discloses that it sets forth a statement of ultimate facts sufficient to constitute a cause of action and to inform the father of the nature of the cause against him. Consequently, the court did not err in failing to grant the father’s motion to dismiss.
The father next contends that the order must be reversed because the record merely shows that the mother has encountered certain difficulty and inconvenience in carrying out the provisions of the parties’ agreement and that this is insufficient to warrant modification of an agreement which has been ratified by the court. The appellant relies on Butler v. Butler, Fla.App.1961, 132 So.2d 437. However, in the cited case the court refused to approve a modification because the record failed to disclose that the welfare of the children there involved would be advanced by the changes made. In the case before us the record affirmatively discloses that the infrequent and apparently ill-timed visitations previously agreed upon by the parties operated to the detriment of the child. Specifically, the record discloses that the appellee encountered difficulty getting Debra to go to sleep at a proper hour because, due to the infrequency of her visits, she wanted to stay up with her mother and sister too late, considering the fact that she would be attending school the next day. These facts, taken together with the sex and tender age of the child and the advanced years of the defendant’s mother, amply support the court’s finding that the child’s welfare would be advanced by increasing her mother’s visitation privileges.
The father further contends that the order appealed violates the following fundamental rules governing child custody orders: (1) an order or decree fixing the custody of minor children constitutes a final and binding adjudication of conditions existing at that time, and (2) in order to modify such an order or decree it must appear that there has been a change of conditions or circumstances warranting a change. Specifically, the father contends that there was no proof of any change in conditions from June 1962, except as to> the mother’s working hours, and that these were not changed until August 1963, after the petition had been filed. The record indicates that the prior visitation arrangement had been based, in part, upon the fact that in 1962 the mother worked most week-ends. Prior to filing her petition in *253 July 1963, the mother had given her employer notice that she was leaving. While she testified that she did not actually change her employment until August 1963, at the time of the hearing in December she was working at another cocktail lounge only part time and had her week-ends free. Furthermore, Debra had not been attending school in June 1962. As indicated above, when she subsequently entered kindergarten or school, it developed that the existing arrangement operated to her detriment. In our opinion these facts constituted a sufficient change in conditions or circumstances to warrant modification of the previous order.
Appellant next contends that the order, in effect, provides for the type of divided custody which was condemned in Jones v. Jones, 1945, 156 Fla. 524, 23 So.2d 623 and Rudolph v. Rudolph, Fla.App. 1962, 146 So.2d 397. However, the cited cases appear to us to be clearly distinguishable. In the Jones case the final decree had given the mother custody. Thereafter a modification order was entered under which custody of the children alternated between mother and father for equal periods. In Rudolph the final decree awarded custody to the mother but reserved to the father custody or control from 6:00 P.M. each Friday until 7:00 P.M. the following Sunday. The courts held that those provisions giving the fathers custody or control for the periods indicated were not in the best interests of the children, considering their tender years and the fact that the mother had not been shown to be an unfit person. Here it is the mother’s visitation privileges which are being increased and the increase is not such as constitutes, in effect, divided custody.
Appellant finally cites Scheer v. Scheer, Fla.App.1961, 132 So.2d 456, in support of his contention that part of the order appealed which awards the mother custody of Debra for thirty days in the summer months cannot be sustained because the petition contained no request or prayer for a change in custody. Again the cited case is distinguishable. In the Scheer case the father petitioned to obtain custody from the wife. Although the wife had neither pleaded nor requested that the court withdraw the father’s visitation privileges, the court did so at the conclusion of the hearing. In the case before us the mother prayed in her petition that the court “determine what would be fair and reasonable visitation privileges * * * and substantially increase the visitation privileges presently authorized.” At the hearing the mother testified without objection that she would like to have Debra every other week-end and one month in the summer. At the conclusion of the hearing, when the court discussed the terms of the order it proposed to enter, the father made no objection that the proposed order would constitute an unwarranted departure from the prayer of the petition. While the provision in question is phrased in terms of custody, rather than visitation rights, the terminology employed would not appear to be significant. Provisions such as this are not unusual and it does not appear that they are contrary to the best interests of children.
Since the record discloses that the chancellor had sufficient evidence before him to warrant an order modifying the visitation provision of the final decree, bearing in mind that the welfare of the child is the prime consideration, we must affirm. Bennett v. Bennett, Fla.App.1962, 146 So.2d 588.
Affirmed.
SHANNON, Acting C. J., and WIJITE, J., concur.