## CENTRAL AND SOUTHERN FLORIDA FLOOD CONTROL DISTRICT v. SCOTT.

### No. 250-67.

Circuit Court, Indian River County.

April 25, 1968.

Robert Grafton and Thomas J. Schwartz, both of West Palm Beach, for the petitioner.

Vocelle & Gallagher, Vero Beach, for the defendant Moody and wife.

Carlton, Brennan & McAliley, Fort Pierce, for the defendants Blue Cypress Lake Ranch, Inc. and D. B. Holman, Executrix.

D. C. SMITH, Circuit Judge.

This cause has heretofore come on to be heard before the court upon the motion for assessment of costs and attorney's fees filed by Vocelle & Gallagher, attorneys for the defendants, Troy E. Moody and Margaret P. Moody, his wife, and upon the motion to tax expert attorney (witness) fees filed by Carlton, Brennan & McAliley, attorneys for the defendants, Blue Cypress Lake Ranch, Inc. and Dora Belle Holman, as executrix of the estate of B. L. Holman, deceased. The court has heard arguments by counsel for petitioner and counsel for the above named defendants.

This is an eminent domain proceeding involving fifteen parcels of land. The petitioner sought the fee title to seven parcels and a perpetual easement to the other eight parcels. The petitioner and the owner were unable to agree on the value of one parcel and a trial was had as to this parcel and just compensation therefor was determined by the jury from the evidence introduced and the charges of the court. After the trial on this parcel was completed, the petitioner introduced the testimony of one witness as to the value of each of the remaining parcels before the jury, the defendants introduced no testimony and upon motion, the court directed the jury to return a verdict on all of the remaining parcels.

Some days after the trial, the matter came on before the court upon the above mentioned motions. At this hearing, in addition to hearing testimony from an attorney for the above named defendants and other witnesses, the court heard the testimony of attorneys Walter T. Erickson and Marshall O. Mitchell of Vero Beach, who testified at the request of Vocelle & Gallagher, and attorney Errol Willes of Fort Pierce, who testified at the request of Carlton, Brennan & McAliley, as expert witnesses upon the sole issue of determining and setting attorney fees for defendants' respective counsel, to be paid by petitioner under provisions of §73.091, F. S. 1967. After this hearing, orders were entered taxing costs and determining expert witness fees on all items. except the court reserved ruling on the question as to whether the owners were entitled to recover expert witness fees for the services of the above mentioned attorneys called as expert wit-

nesses upon the issue of determining reasonable attorney fees for their attorneys.

The sole issue now before the court is whether the owners are entitled to recover expert witness fees from the petitioner in connection with the testimony of attorneys Erickson, Mitchell and Willes testifying as expert witnesses on behalf of counsel for said defendants as to their attorney fees.

The defendants, Troy E. Moody and Margaret P. Moody, his wife, received an award of $370,000 for their parcels. The court heard testimony from one of their attorneys as to the amount of time and work involved on their part in representing their clients in this suit. The defendants, Blue Cypress Lake Ranch, Inc. and Dora Belle Holman, as executrix of the estate of B. L. Holman, deceased, received an award of $154,148 for their parcels. The court heard testimony from one of their attorneys as to the amount of time and work involved on their part in representing their clients in this suit. The hearing at which the testimony was heard commenced at 10 A.M. and continued without interruption until 1 P.M. Messrs. Erickson, Mitchell and Willes were present at the beginning of the hearing and their testimony was heard approximately between 11:30 A.M. and 1 P.M. Each of these witnesses testified at some length on direct and on cross examination. From all the evidence presented, the court determined a reasonable attorney's fee to be allowed the attorneys for the defendants, Troy E. Moody and Margaret P. Moody. his wife, to be $22,500, and a reasonable attorneys fee to be allowed the attorneys for the defendants, Blue Cypress Lake Ranch, Inc. and Dora Belle Holman, as executrix of the estate of B. L. Holman, deceased, to be $10,500.

Testimony from a qualified expert witness is necessary for the court to determine reasonable attorney's fees to be allowed. In Lyle v. Lyle, D.C.A.2, 167 So.2d 252, the court stated —

> In all litigation involving professional fees proof is required of the nature of, and the necessity for, the services rendered, and the reasonableness of the charge made therefor. In this respect the legal profession stands on the same plane with other professions.
>
> As between a lawyer and his client the matter of the fee is one of contract between the two, but a fee to be allowed by the court is something else and must be proved as any other fact, and determined and allowed by the court in its judicial discretion. The reasonableness of the attorney's fee is not the subject of judicial notice, neither is it

to be left to local custom, conjecture or guesswork. Each award must be made on its own merits and should be justified by the circumstances in each particular case.

To those lawyers whose practice brings to them more than an occasional suit in which the fee is set by the court, the routine of giving testimony detailing the services and the proving of the value of the services may seem tedious, monotonous or even distasteful. Certainly the hearing of such proof by the trial judge day after day, week after week, may become a routine humdrum which does little, if anything, to add interest to the proceedings. However the parties to the suit, having their day in court, cannot be ignored; such testimony is not routine to them. Neither can the elementary rules of evidence be ignored. Trial judges are not so busy they cannot take time to hear such evidence; lawyers who treat such evidence lightly defeat their own purpose; and such evidence, while it is persuasive only, must be adduced else the court is without authority to make any award since the award must be made on competent evidence. Aside from the principle that the value of personal services is proven by expert witnesses, the self-serving nature of the testimony given by the attorney who performs the services precludes the court from making an award based solely on his testimony. The evidence in this cause is insufficient to meet the foregoing requirements. The award of attorney's fees is reversed.

The above has been quoted with approval in Thoni v. Thoni. D.C.A. 3, 179 So.2d 420.

As previously stated in this case the petitioner and the owners were able to agree upon the value of the land involved, except as to one parcel, but most of the owners and their attorneys were unable to reach an agreement with the petitioner as to a reasonable attorney's fee for their attorneys, thus the necessity of testimony on this issue. Under §90.231 (2), F. S. 1967, "any expert or skilled witness who shall testify in any cause shall be allowed a witness fee . . . in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs." §73.091, F. S. 1967, requires the petitioner in an eminent domain proceeding to pay "all reasonable costs of the proceedings." Prior to chapter 63-281, Laws of Florida 1963, the law required attorney's fees for the owner in eminent domain proceedings to be assessed by the jury. §73.16, F. S. 1961. Now the law requires attorney's fees to be assessed by the court. §73.091, F. S. 1967. Our constitution requires that when property is taken by eminent domain the owner shall be made whole so far as possible and practical. In Cheshire v. State Road Department, D.C.A. 4, 186 So.2d 790, it is stated —

Section 12 of the Declaration of Rights of the Constitution of the State of Florida provides that private property shall not be taken without just compensation. The state, its agencies and political subdivisions, are subject to that provision. Daniels v. State Road Department, Fla. 1964, 170 So.2d 846. The theory and purpose of such guaranty is that the owner shall be made whole so far as possible and practical. The judicial history of eminent domain proceedings shows that the courts have been ever vigilant to fully protect the interest of persons whose property is being taken and in doing so to see that the amount received is not diminished by the costs necessarily incurred in protecting the owner in his right to such compensation. It has been pointed out that the condemning authorities are able to provide expert witnesses and appraisers, and if the defendant in condemnation proceedings is to be assured of full compensation he should have the same tools available to him in a defense of his right. Such costs, however, as are expended are subject to the close scrutiny of the court for the purpose of determining that such costs are reasonable and were necessarily incurred in the defense of the proceeding, and should be allowed only in an amount the court determines necessary and proper.

(Citation of authorities omitted.)

The recovery of an attorney's fee by the owner under our laws is a part of making the owner whole. Testimony of an expert witness necessarily called to assist the court in assessing a reasonable attorney's fee for the owner's attorney is a cost necessarily incurred in protecting the owner and making him whole. If the issue as to reasonable attorney's fees still had to be assessed by the jury, the court does not believe that any one would question seriously that an expert witness called for the purpose of presenting testimony before the jury on such issue would be entitled to a reasonable expert witness fee similar to appraisers, engineers or any other expert witness required to be called and that same would be taxed against the petitioner. The fact that the law now requires this issue to be determined and a reasonable attorney's fee to be assessed by the court rather than by the jury does not relieve the petitioner from having to pay a reasonable fee for an expert witness necessarily called on such issue.

Upon consideration, it is ordered and adjudged that a fee in the sum of $100 to each of the attorneys, Walter T. Erickson. Marshall O. Mitchell and Errol Willes is determined to be a reasonable expert witness fee to be allowed to each of them for their services herein and such fee shall be taxed as costs against and paid by the petitioner herein.