376 So.2d 27 (1979)
Mary Katherine TAYLOR, Appellant,
v.
Edward Lanier TAYLOR, Appellee.
No. 79-408.
District Court of Appeal of Florida, Second District.
October 3, 1979.
Rehearing Denied October 25, 1979.
*28 Wallace L. Storey, Bartow, for appellant.
Eugene W. Harris, Lakeland, for appellee.
RYDER, Judge.
Appellant, the divorced wife of appellee and the mother of the subject minor child, seeks reversal of an order specifying visitation privileges, alleging that it was entered without the appellee having shown a material and substantial change of circumstances and contrary to the child's best interest. The order stated that the "reasonable and liberal visitation rights" provision of the original custody decree would include the right of the father to have his three-year-old daughter visit him annually in North Carolina during the month of July and the last week in December. We agree with appellant's contentions and reverse.
A final judgment of dissolution of marriage was entered on January 3, 1977, custody of the parties' minor child being temporarily awarded to the wife's parents. Two months later, an order was entered which modified the final judgment by awarding full custody to the wife, "subject to reasonable and liberal visitation rights to the Husband." Following entry of this order, the father moved to North Carolina.
A petition for scheduled visitation rights was received by the lower court on October 3, 1978,[1] alleging that because of appellee's residence in North Carolina and his ex-wife's refusal to allow him to visit with their child away from her place of residence, he had been denied reasonable and liberal visitation rights. An amended petition was filed on January 4, 1979, which asserted that after a hearing on the first petition had been postponed, the parties unsuccessfully sought to agree upon reasonable visitation privileges.
A hearing was ultimately held on January 29, 1979, the transcript of which we have carefully reviewed. Both parties were present. According to the trial judge and the parties, the express purpose of the hearing was to receive testimony in order to determine what visitation privileges would be reasonable for the parents and in the child's best interest. The testimony revealed that the father had not sought to visit the child during the nearly two-year period following the grant of custody to the mother.[2] He claimed, however, that he *29 loved the child and had not been able to visit her in Florida for financial reasons. He stated that he wished to have his child visit him in North Carolina at such times as the court deemed reasonable.
The appellant, on the other hand, while not objecting to the child eventually visiting the father in North Carolina, did express apprehension about sending the child there before the father had established a relationship with his daughter. She felt that the tender years of their daughter, coupled with the minimum contact which the father has had with her, counseled postponement of scheduled visitation in North Carolina until the child was older or had become more comfortable with her father.
Despite these apprehensions, the trial judge received no further evidence and announced his intention to enter the order which is the subject of this appeal.
The original custody decree awarded full custody to the mother and granted the father the right to reasonable visitation for brief periods at or near the child's residence. Under the original decree, the father did not have the right to remove the child to another state for an extended period of time. We believe the court's action here allowing the child to visit the father in another state amounts to a modification of the final judgment without a petition for modification being filed, Cortina v. Cortina, 98 So.2d 334 (Fla. 1957) and without a showing by the father that (a) there had been a substantial and material change of his or his ex-wife's circumstances, and (b) that the welfare of his daughter would be promoted. Phillips v. Phillips, 153 Fla. 133, 13 So.2d 922 (1943); Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Wilson v. Condra, 255 So.2d 702 (Fla. 1st DCA 1971). Although ordinarily we recognize the trial judge's broad discretion in determining the father's right to visitation, Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975), in this instance, we conclude that there was, in fact, an abuse of discretion.
Except for the allegation that the father had moved to another state and that his ex-wife refused to allow their child to visit him there, the father's petition was devoid of any allegation of changed circumstances. McCown v. McCown, 167 So.2d 250 (Fla. 2d DCA 1964). Neither was there any discussion at the hearing of changed circumstances. The court and the parties seem to have assumed that the mere fact that the father moved to North Carolina was sufficient to fulfill this requirement.
Moreover, the focus of the hearing below was not on the welfare of the child, but on the inconvenience to the father. However, the law of this state is clear that "[i]n all proceedings relative to the custody of minor children, the guiding star of the determination is the welfare of the children ..." Garner v. Garner, 193 So.2d 673, 675 (Fla. 2d DCA 1967); Jones v. Jones, 156 Fla. 524, 23 So.2d 623 (1945). There was no suggestion that the mother is unfit to look after the best interests of her daughter nor any evidence that the child's welfare would be promoted by extended visits with the father in another state. This is not to say that the father has no rights regarding his child. It is to say, however, that his rights are to be determined in the context of what is best for the child, to be tested by a hearing upon a petition for modification of the final judgment.
REVERSED.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] The petition was accompanied by six affidavits executed by friends, neighbors and colleagues, attesting to the good character and reputation of appellee and his parents.
[2] The only specific charge appearing in the record concerning appellant's refusal to allow visitation is contained in the amended petition, where it is alleged that she failed to keep her promise to take the child to North Carolina over the 1978 Thanksgiving holidays. Consequently, the only contact which appellee has had with his daughter since the divorce was for several hours during the week preceding the hearing.