413 So.2d 116 (1982)
Mary MANNING, F/K/a Mary Varges, Appellant,
v.
Richard VARGES, Appellee.
No. 81-1768.
District Court of Appeal of Florida, Second District.
April 23, 1982.
Stephen W. Sessums and Carole A. Taylor, of Albritton, Sessums & McCall, Tampa, for appellant.
Donald A. Pleasants and Charles P. Schropp, of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Mary Manning (Mary), formerly Mary Varges, appeals a final order in favor of Richard Varges (Richard), her ex-husband, allowing a credit against arrearages in child support and suspending child support. We affirm that portion of the final order allowing a credit against arrearages and reverse that portion suspending child support.
In 1978, the Circuit Court for Hillsborough County dissolved the marriage of Mary and Richard. The court awarded her custody of their four minor children, subject to reasonable visitation privileges, and directed him to pay child support. On June 1, 1981, the commissioner of the circuit court served Mary and Richard by mail at their respective addresses in St. Ann, Missouri, and Tampa, Florida, with a notice of a July 22, 1981, hearing "to consider arrears of $5,271.86." The notice concluded with the following warning: "BE PRESENT ... SHOULD EITHER OF YOU FAIL TO APPEAR, YOUR RIGHTS MAY BE SERIOUSLY PREJUDICED." Richard appeared at the hearing with his attorney and offered testimony on his behalf. Mary, however, appeared neither in person nor through an attorney.
After the hearing, the court ordered and adjudged as follows:
1. That the husband's support account shall be credited in the amount of $2,775.66 for charges that were erroneously placed against the husband's account.

*117 2. That the husband's obligation to pay child support is hereby suspended until such time as the wife permits the husband to visit with the minor children of the parties still in her custody and enters into an agreement either with the husband or the Office of the Circuit Court Commissioner that would permit the husband to exercise reasonable and liberal rights of visitation with the minor children.
Mary contends that the court lacked authority to allow a credit against arrearages (paragraph 1 of the final order) and to suspend child support (paragraph 2) since she believes that she did not receive proper notice.[1] She argues that the hearing notice did not indicate that anything other than "enforcement of arrearages" would be considered. (Emphasis added) Her construction of the language of the notice is too constrained. The notice provided that the hearing would "consider arrears." (Emphasis added) The American Heritage Dictionary of the English Language (rev. 5th ed. 1976), defines "consider" as "[t]o deliberate upon; examine; study." In effect, the notice implied that the court might determine after a studious deliberation and careful examination of the matter of arrears that Richard did not owe the entire $5,271.86. Thus, she had actual notice that he might be allowed a credit against arrearages.
It cannot be fairly said, however, that the notice that arrears would be considered put Mary on actual notice that child support might be modified. A court cannot modify a support decree, or any other decree, unless the issue of modification is presented in appropriate proceedings and each party is afforded an opportunity to be heard on such issue. Cortina v. Cortina, 98 So.2d 334, 336 (Fla. 1957). Furthermore, nothing in the record indicates that Richard filed a petition for modification. A decree adjudicating an issue not presented by the pleadings nor litigated by the parties during the hearing on the pleadings is, at least, voidable upon appeal. Id. at 337; see Fox v. Haislett, 388 So.2d 1261, 1265 (Fla. 2d DCA 1980); Taylor v. Taylor, 376 So.2d 27, 29 (Fla.2d DCA 1979). Therefore, the hearing was not an appropriate proceeding to modify child support.[2]
Accordingly, paragraph 1 of the order is affirmed and paragraph 2 is reversed. The cause is remanded with directions to vacate paragraph 2 without prejudice to permit further consideration of the matter of modification of child support upon the filing of appropriate pleadings.
AFFIRMED in part, REVERSED in part and REMANDED.
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] The only questions before us are whether Mary had actual notice that Richard might be allowed a credit against arrearages and that child support might be modified. There is no question that the June I notice afforded her a reasonable time to appear in person or through counsel at the July 22 hearing.
[2] We note that Richard concedes that paragraph 2 is "technically deficient."