PER CURIAM.
Warren Wrobleski appeals from an order vacating an order that had modified his visitation rights with the minor daughter of the parties. We reverse.
The parties’ marriage was dissolved pursuant to final judgment of dissolution of marriage entered September 7, 1982. The final judgment incorporated an amended property settlement agreement which included, among other things, a provision regarding the husband’s visitation rights. After the wife moved to California, a petition for modification was filed by the husband, and an order modifying the original final judgment was entered granting the former husband a period of visitation consisting of one month during the summer. Thereafter, the wife returned to Florida. The former husband then filed a motion of enforcement requesting enforcement of his right to visitation as set forth in the prior order of modification. The trial court denied the motion of enforcement declaring inter alia that the order which modified the final judgment is unenforceable because the premise on which that order was based, that is, the former wife’s residency in California, no longer existed.
The effect of holding the order of modification unenforceable is either (1) to leave the husband with no enforceable right of visitation or (2) to reinstate the visitation rights established by the final judgment. The former alternative is obviously an unsatisfactory result given the public policy of encouraging contact between noncustodial parents and their children for the best interests of the children. On the other hand the second alternative in effect constitutes an impermissible modification of the order which modified the final judgment entered without a petition for modification being filed by either party. See Taylor v. Taylor, 376 So.2d 27 (Fla. 2d DCA 1979).
Accordingly, we reverse and remand with instructions to permit the parties to file such additional pleadings as may be appropriate to their own interests in visitation and in the best interests of the child.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HERSEY, C.J., and LETTS and GUNTHER, JJ., concur.