BLUE, Judge.
Deborah J. Aarts (former wife) appeals an order modifying visitation which requires the parties’ three minor children to visit with their father, Richard A. Aarts (former husband), in the Philippines for one month each summer. We determine there was insufficient evidence to justify the trial court’s decision. Therefore, we reverse the order modifying visitation and remand for further consideration of the best interests of the children.
The three minor children are a 12-year old girl, a 10-year old girl, and a 7-year old boy. The parties’ marriage was dissolved in February 1991. Soon after, the former husband became unemployed and later underemployed. At the March 9, 1993, hearing on the former wife’s motion for contempt and the former husband’s motion for modification, the former husband owed $16,500 in back child support and was planning to relocate to the Philippines where he had obtained employment. He sought and was granted modification of both support and visitation. We have limited our review to the modification of visitation issue in this expedited appeal.
In considering a petition for modification of visitation, the trial court does not have the same degree of discretion as it has in entering the original divorce decree. Perkins v. McKay, 460 So.2d 531 (Fla.2d DCA 1984). The party seeking modification has the burden of proving that the circumstances of one or both of the parties have substantially changed since the entry of the divorce decree, and that the best interests of the child or children would be promoted by the modification. Taylor v. Taylor, 376 So.2d 27 (Fla. 2d DCA 1979).
Here, the trial court’s order entered in July 1993 (four months after the March 9 hearing) contains no findings of fact, but merely grants the petition for modification and allows the former husband to have the children visit him in the Philippines. Although record support exists for the trial court’s determination of a substantial change of circumstances because the former husband was moving from Florida to the Philippines, the record fails to support the former husband’s additional burden that modified visitation would be in the best interests of the children.
The newly ordered visitation requires a flight of 15 hours each way, half-way around the world. At the modification hearing, the former husband had not yet established his residence in the Philippines and so was unable to inform the court of conditions under *1175 which the children would live while visiting. The record also reveals a thwarted effort by the former wife to make known to the judge the children’s reluctance to embark on such visitation. We acknowledge that children should not be allowed to make the determination of when and if visitation with a parent should occur; however, circumstances such as these warrant further inquiry.
Because the record fails to support that modification would be in the best interests of the children, we reverse and remand for further proceedings.
RYDER, A.C.J., and PARKER, J., concur.