CAMPBELL, Judge.
Appellants, Julie A. Cushing, individually, and for the use and benefit of the State of Florida, Department of Health and Rehabilitative Services (the Department), appeal an order that denied the Department’s motion to set aside a December 16, 1992 order of reconsideration which modified child support payments downward without prior notice to appellants. Appellants contend that the trial court erred as a matter of law when it entered an order lowering child support on its own initiative without giving the parties prior notice and an opportunity to be heard. We agree and remand for further proceedings.
Appellants, the Department and Julie Cushing, filed a petition for modification of child support in Pasco County on May 27, 1992, requesting an increase in the amount of child support awarded by a final judgment •that had dissolved the parties’ marriage in Alachua County. Appellee, Robert M. Cush-ing, responded by filing an action for downward modification in Alachua County. The Department filed a motion to dismiss the action in Alachua County. A hearing was scheduled and heard in the Pasco County proceeding on October 29, 1992. Neither appellee nor his counsel were present at the hearing, although they had been served with notice. The court, based on affidavits previously submitted, denied appellants’ request for upward modification and left support unchanged. Appellee then wrote a letter to the court and filed new financial affidavits and the court, on its own initiative, without notice to the parties, signed an order of reconsideration on December 16, 1992, simultaneously lowering child support and giving the parties ten days to request a hearing. Then on December 23, the court also signed and filed the Department’s proposed order reflecting no modification. Appellants filed a motion to set aside the order of reconsideration on January 12, 1993. Following a hearing, the motion was denied. It is from that denial that appellants appeal.
While appellants had filed a petition for upward modification of child support in Pasco County, appellee never filed a counterclaim requesting that child support be lowered from the amount ordered in the divorce decree. Although appellee filed a claim for downward modification in Alachua County after he was served with notice of the Pasco County modification action, he never filed a responsive pleading in the Pasco County case. The Department filed a motion to dismiss the Alachua County action alleging that the Pasco County case was set for trial on October 29, 1992. That motion to dismiss also alleged that appellee’s petition for downward modification should have been filed as a counterclaim in the Pasco County action. The record before us does not reflect a disposition of that motion or any further activity in the Alachua County case.
In Wallace v. Wallace, 413 So.2d 1261, 1263 (Fla. 2d DCA 1982), this court ruled that “[a] court cannot modify a decree unless the issue of modification is presented in appropriate proceedings and each party is af *287 forded an opportunity to be heard on such issue. ” (Emphasis supplied.)
We are concerned that the downward modification of child support occurred without a hearing after a hearing in which the court ordered that child support should not be modified. Accordingly, we reverse the order of modification and remand for further hearings in which all parties should be afforded adequate notice and an opportunity to be heard.
DANAHY, A.C.J., and HALL, J., concur.