NORTHCUTT, Judge.
Susan Wynn seeks review of the circuit court’s post-dissolution modification of the *283 amount of child support she receives from her former husband, Thomas Wynn, and of Mr. Wynn’s visitation schedule with the parties’ daughter. We affirm the court’s decision regarding visitation, but reverse the reduction of child support.
At the time of the divorce, the parties lived in Tampa. Their marital settlement agreement did not contain a formal visitation schedule, but they agreed that Mr. Wynn would have visitation with his daughter for one day and night during the weekend. Eventually, the child stayed with her father one night during the week as well. Mrs. Wynn has now moved to Gainesville, which makes the previously agreed-upon schedule unworkable. The record supports the circuit court’s determination that the move was a substantial change in circumstances. See Aarts v. Aarts, 627 So.2d 1173 (Fla. 2d DCA 1993). The visitation schedule contained in the order on appeal is reasonable. Expert testimony demonstrated that the schedule promotes the best interests of the child because it enables her to continue her established relationship with her father and her paternal relatives living in Tampa. See Id. at 1175. We affirm this portion of the order.
On the other hand, the circuit court erred when it modified Mr. Wynn’s child support payments. Mr. Wynn did not file a motion seeking a downward modification of his support obligation. Because he did not plead entitlement to this relief, the court did not have authority to grant it. See Sohacki v. Sohacki, 657 So.2d 41, 42 (Fla. 1st DCA 1995); State, Department of Health and Rehabilitative Services v. Cushing, 632 So.2d 285 (Fla. 2d DCA 1994). We reverse this portion of the order on appeal, and remand with directions to reinstate the child support ordered in the final judgment.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and BLUE, J., Concur.